### RAILROAD COMPANY *v.* WISWALL.

The order of a Circuit Court remanding, for want of jurisdiction to hear it, a case removed from a State court into it, is not a " final judgment " in that sense which authorizes a writ of error.   The remedy of the party against whose will the suit has been remanded, is by mandamus to compel action, and not by a writ of error to review what has been done.

ON motion to dismiss a writ of error to the Circuit Court for the Southern District of Illinois.   The case was this:

Wiswall, a citizen of Illinois, sued, in one of the inferior State courts of the State just named, the Chicago and Alton Railroad Company.   The company conceiving that the case was properly cognizable in the Circuit Court of the United States for that district—the Southern District of Illinois— got an order from that court, the court below, commanding the State court to send the record to *it.*   This the State court did.   However, upon looking further into the matter, the Circuit Court was satisfied that it had no jurisdiction, and on motion of the plaintiff remanded the case to the State court. To that remand the railroad company took a writ of error from this court, and this writ it was which Wiswall now moved to dismiss; the ground of the motion being that the remand was not a " final " judgment or decree, and that the proper proceeding of the company was a motion for mandamus on the court below* to act, and not by writ of error to review what was done.

*Mr. E. C. Brearly, in support of the motion; Mr. P. Phillips, contra.*

---

* Insurance Company *v.* Comstock, 16 Wallace, 258.

The CHIEF JUSTICE delivered the opinion of the court.

The writ of error is dismissed upon the authority of *Insurance Company* v. *Comstock.** The order of the Circuit Court remanding the cause to the State court is not a "final judgment" in the action, but a refusal to hear and decide. The remedy in such a case is by mandamus to compel action, and not by writ of error to review what has been done.†

---

* 16 Wallace, 270.

† King *v.* The Justices of Gloucestershire, 1 Barnewall & Adolphus, 1; 1 Chitty's General Practice, 736; Ex parte Bradstreet, 7 Peters, 647; Ex parte Newman, 14 Wallace, 165.