# MOREY v. LOCKHART.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Submitted October 18, 1887. — Decided October 24, 1887.

Since the Act of 1887, c. 373, took effect, this court has no power to review on appeal or in error an order of a Circuit Court remanding a cause to a state court.

THIS was a motion to dismiss an appeal from an order of the Circuit Court, remanding a cause to the state court from which it had been removed. The case is stated in the opinion of the court.

*Mr. Assistant Attorney General Maury* on behalf of *Mr. Eugene D. Saunders* and *Mr. E. D. White*, for the motion.

*Mr. J. D. Rouse* and *Mr. William Grant* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is an appeal from an order of the Circuit Court remanding a suit which was begun and had been removed from a state court after the act of March 3, 1887, c. 373, 24 Stat. 552, went into effect. At the hearing of the motion the judges .holding the Circuit Court differed in opinion, and the order to remand was made under § 650 of the Revised Statutes in accordance with the opinion of the presiding judge. The question as to which the difference of opinion arose was duly certified and recorded, and this appeal was taken from the order which was entered. A motion is now made to dismiss because an appeal does not lie in such a case.

Before the act of March 3, 1875, there could be no appeal from an order of the Circuit Court remanding a suit which had been removed, because such an order was not a final judgment or decree in the sense which authorizes an appeal or writ of error. *Railroad Company* v. *Wiswall*, 23 Wall. 507. That act, however, provided in express terms that "the order of said Circuit Court dismissing or remanding said cause to the state court shall be reviewable by the Supreme Court on writ of error or appeal, as the case may be," 18 Stat. 470, c. 137, last paragraph of § 5; and under this authority numerous cases have been brought to this court by appeal or writ of error for the review of such orders. But, by § 6 of the act of 1887, c. 373, the last paragraph of § 5 of that of 1875, c. 137, was expressly repealed; and in the last paragraph of § 2 of the act of 1887 it was enacted that "Whenever any cause shall be removed from any state court into any Circuit Court of the United States, and the Circuit Court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into .execution, and no appeal or writ of error from the decision of the Circuit Court so remanding such case shall be allowed." It is difficult to see what more could be done to make the action of the Circuit Court final, for all the purposes of the removal, and not the subject of review in this court. First, it is declared that there

shall be no appeal or writ of error in such a case, and then, to make the matter doubly sure, the only statute which ever gave the right of such an appeal or writ of error is repealed.

It is contended, however, that the prohibition against appeals and writs of error in the act of 1887 applies only to removals on account of prejudice or local influence; but that cannot be so. The section of the statute in which the provision occurs has relation to removals generally, those for prejudice or local influence as well as those for other causes, and the prohibition has no words of limitation. It is in effect that no appeal or writ of error shall be allowed from an order to remand in "any cause" removed "from any state court into any Circuit Court of the United States." The fact that it is found at the end of the section, and immediately after the provision for removals on account of prejudice or local influence, has, to our minds, no special significance. Its language is broad enough to cover all cases, and such was evidently the purpose of Congress.

It is also contended that the appeal lies under § 693 of the Revised Statutes, on account of the certificate in the record of the judges holding the court, that their opinions were opposed upon the question of remanding. That section is as follows: "Any final judgment or decree in any civil suit or proceeding before a Circuit Court . . . wherein the said judges certify, as provided by law, that their opinions were opposed, . . . may be reviewed and affirmed, reversed or modified by the Supreme Court, on writ of error or appeal, according to the nature of the case, and subject to the provisions of law applicable to other writs of error or appeals in regard to bail and supersedeas." But here there has been no judgment in the suit, and therefore this section does not apply. That was the ground on which an appeal was denied in *Railroad Company* v. *Wiswall, supra,* where it was said: "The order of the Circuit Court remanding the cause to the state court is not a 'final judgment' in the action, but a refusal to hear and decide." No case can be brought up under § 693, until there has been a final judgment or decree in the suit.

It follows that we have no jurisdiction of this appeal, and

*The motion to dismiss is consequently granted.*