## RICHMOND AND DANVILLE RAILROAD COMPANY *v.* THOURON

## RICHMOND AND WEST POINT TERMINAL RAILWAY AND WAREHOUSE CO. *v.* THOURON.

APPEALS FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TENNESSEE.

Nos. 1262, 1263. Submitted February 3, 1890. — Decided March 10, 1890.

An order remanding a cause from a circuit court of the United States to the state court from which it was removed is not a final judgment or decree, and this court has no jurisdiction to review it.

MOTIONS TO DISMISS for want of jurisdiction. The case is stated in the opinion.

*Mr. Charles M. DaCosta* and *Mr. Samuel Dickson* for the motions.

*Mr. Pope Barrow* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

These are appeals from orders of the Circuit Court remanding the above-entitled cases to the state court, which appeals the records show were " granted under the provisions of the act of February 25, 1889, on the ground that the court has no jurisdiction of the cause."

Before the act of 1875, c. 137, 18 Stat. 470, we held that an order by the Circuit Court remanding a cause was not such a final judgment or decree in a civil action as to give us jurisdiction for its review by writ of error or appeal. The appropriate remedy in such a case was then, by *mandamus*, to compel the Circuit Court to hear and decide. *Babbitt* v. *Clark*, 103 U. S. 606, 609; *Turner* v. *Farmer's Loan and Trust Company*, 106 U. S. 552, 555; *Railroad Company* v. *Wiswall*, 23 Wall. 507. The act of 1875 made such order reviewable (without regard to the pecuniary value of the matter in dispute); but by the act of March 3, 1887, 24 Stat. 552, 555, c. 373, as corrected by the act of August 13, 1888, 25 Stat. 433, c. 866, the provision to that effect was repealed, and it was also provided that no appeal or writ of error should be allowed from the decision of the Circuit Court remanding a cause. In *Morey* v. *Lockhart*, 123 U. S. 56, 57, Mr. Chief Justice Waite, speaking for the court, said : " It is difficult to see what more could be done to make the action of the Circuit Court final, for all the purposes of the removal, and not the subject of review in this court. First, it is declared that there shall be no appeal or writ of error in such a case, and then, to make the matter doubly sure, the only statute which ever gave the right of such an appeal or writ of error is repealed." And the court held that the language of the act was broad enough to cover all cases, and also that an appeal or writ of error would not lie under § 693 of the Revised Statutes, because that section applied only to final judgments or decrees, and an order remanding was not a final judgment.

The act of February 25, 1889, 25 Stat. 693, c. 236, provides that " in all cases where a final judgment or decree shall be rendered in a Circuit Court of the United States in which there shall have been a question involving the jurisdiction of the court, the party against whom the judgment or decree is rendered shall be entitled to an appeal or writ of error to the Supreme Court of the United States to review such judgment or decree, without reference to the amount of the same ; but in cases where the decree or judgment does not exceed the sum of five thousand dollars the Supreme Court shall not re-

view any question raised upon the record except such question of jurisdiction."

The words "a final judgment or decree," in this act, are manifestly used in the same sense as in the prior statutes which have received interpretation, and these orders to remand were not final judgments or decrees whatever the ground upon which the Circuit Court proceeded. *Graves* v. *Corbin*, 132 U. S. 571, 591.

*Appeals dismissed for want of jurisdiction.*