COLE v. GARLAND et al.

SAME v. McCALL et al.

(Circuit Court of Appeals, Seventh Circuit. April 9, 1901.)

Nos. 759, 760.

**1. REMOVAL OF CAUSES—REMANDING ORDER—ERROR THEREFROM.**

Under 24 Stat. 553, c. 373, § 6, repealing 18 Stat. 472, c. 137, § 5, which authorized a writ of error or appeal from an order remanding a cause to a state court; and 24 Stat. 553, c. 373, § 2, providing that whenever any cause shall be removed from any state court into any circuit court of the United States, and the circuit court shall remand the cause to the state court, no appeal or writ of error from the decision of the circuit court so remanding such cause shall be allowed,—a writ of error from an order of a United States circuit court remanding a cause to the state court would be dismissed, the appropriate remedy being error to the state supreme court, should that court determine the question of federal jurisdiction adversely.

**2. SAME.**

Under 24 Stat. 553, c. 373, forbidding appeal or error from an order remanding a cause from a federal to a state court, but providing that nothing therein contained should be held to repeal or affect any jurisdiction or right mentioned in Rev. St. § 641, which provides that "on the petition of defendant" in certain cases a cause may be removed to the federal courts, the contention of the plaintiff in a suit brought in a state court that his right to removal was founded on such section 641, and therefore he had a right to bring error from an order of the federal court remanding the cause, was idle, since right to removal under section 641 is limited to a defendant.

**3. SAME.**

The contention of a party to a suit brought in a state court that his right to removal of the cause to a federal court was founded on Rev. St. § 641, and no right mentioned therein was affected by 24 Stat. 553, c. 373, forbidding error or appeal from an order of a federal court remanding a cause to a state court, and therefore he had a right to bring error from an order so remanding a cause,—could not prevail, since such section 641 conferred no right to review such an order.

In Error to the Circuit Court of the United States for the Western District of Wisconsin.

The plaintiff in error, on April 17, 1900, brought suits in the circuit court for Price county, Wis., upon money demands,—one against F. S. Garland for $1,000.75, and one against Alexander McCall for $125. In each of these suits a writ of attachment was issued and levied upon certain lumber of the

appraised value of $1,288, claimed to belong to the defendant in such suit. Thereafter the Bank of Hamilton, a corporation created under the laws of the dominion of Canada, and located at Hamilton, in the province of Ontario, claiming to be the sole owner of the property upon which the writs of attachment had been levied, petitioned the court that it be allowed to come in as a party defendant in the cause to establish and defend its rights to the property, in conformity with the provisions of the statute of Wisconsin (2 Sanb. & B. Ann. St. Wis. p. 1935, § 2751a), which is as follows: "Any person not a party to the action, whose property is attached, may, at any time, either before or after judgment, be made a party upon his application for the purpose of removing or discharging the attachment. The court may grant such summary relief as shall be just, and may in proper cases award an issue for trial by jury." Thereupon, on August 1, 1900, the court ordered that the Bank of Hamilton be made a party defendant to the cause for the purposes stated in the petition, and that proper pleadings be filed touching the title to the attached property. On September 27, 1900, the plaintiff in error filed in each suit his petition for the removal of the cause into the circuit court of the United States for the Western district of Wisconsin, upon which an order of the state court was entered in each of such suits September 29, 1900, granting the prayer of the petition, and directing such removal. The petition does not charge, nor does the record show, the amount in controversy to equal or exceed the sum of $2,000. It states as grounds for removal: "That the Bank of Hamilton, which is a corporation organized and existing and doing business under the laws of Ontario, Canada, and which is a Canadian corporation, claims and asserts ownership as against the petitioner to certain property named in its petition, and claims and asserts the same as a cause of action arising under the laws and constitution of the United States. That the state of Wisconsin has made and enforces and has enforced in this action section 2751a of the Wisconsin Statutes of 1898, which denies to your petitioner within the state of Wisconsin the equal protection of the laws, contrary to and in violation of the fourteenth amendment of the constitution of the United States, and your petitioner is deprived and cannot enforce in the judicial tribunals of the state of Wisconsin, and is wholly unable to obtain in the circuit court of Price county the enforcement of section 1770b of the Wisconsin Statutes of 1898, as amended, thus denying to your petitioner his equal civil rights and the equal protection of the laws by the circuit court of Price county, Wisconsin, within its jurisdiction. That the state of Wisconsin has made and enforces and has enforced in this action section 2751a of the Wisconsin Statutes of 1898, and that such section wholly deprives your petitioner upon any issue or issues raised or which may be raised by the said Bank of Hamilton, and by its petition, of a constitutional jury, contrary to and in violation of section 5 of article 1 of the constitution of the state of Wisconsin, thereby making and enforcing a law which abridges the privileges and immunities of citizens of the United States, and which deprives your petitioner of his property without due process of law, and which denies him within the state of Wisconsin and within its jurisdiction the equal protection of its laws upon the trial of any and all issues raised by the said Bank of Hamilton, and its said petition and claims of ownership; and that the state of Wisconsin denies the same within its jurisdiction by said section 2751a of the Wisconsin Statutes of 1898, contrary to and in violation of the fourteenth amendment to the constitution of the United States, and by the said section 2751a of the Wisconsin Statutes of 1898 your petitioner is prevented from, and is not entitled to, and is denied such common-law and constitutional jury in the state wherein said controversy is now pending. That the state of Wisconsin has made and is enforcing section 2751a of the Wisconsin Statutes of 1898 in said action, which law is a special proceeding depriving citizens of the state of Wisconsin of a constitutional jury. Your petitioner hereby asserts and claims in this controversy the protection of the seventh amendment of the constitution of the United States in the circuit court of Price county in this controversy between the said Bank of Hamilton, which is a Canadian corporation, which has not complied with section 1770b of the Wisconsin Statutes of 1898, as amended, governing foreign corporations, and your petitioner, who is a citizen of the state of Wisconsin. That any and all

rights and claims of the said Bank of Hamilton arise under the constitution and laws of the United States, and the same is a suit at common law, where the value in controversy exceeds twenty dollars. That the said Bank of Hamilton asserts such rights, notwithstanding section 1770b of the Wisconsin Statutes of 1898, upon the contention and claim that said section 1770b of Wisconsin Statutes of 1898 impairs the contract and obligation upon which the bank claims its cause of action is based, and out of which it arises; and that said section 1770b is contrary to and in violation of the constitution of the United States, and is null and void." Section 1770b, referred to in the petition, provides that, with certain exceptions, not necessary to be stated, no corporation foreign to the state of Wisconsin shall transact business or acquire, hold, or dispose of property in the state until a duly authenticated copy of its charter shall be filed with the secretary of state; imposes a penalty for failure to comply with the statute; and declares that every contract made by such corporation affecting its personal liability or relating to property within the state before compliance with the law shall be wholly void on its behalf, but enforceable against it. On December 4, 1900, the court below remanded the causes to the state court whence they had come, and these writs of error are sued out to review the judgment or order of the court directing such remand. Motions are now made to dismiss the writs of error upon the ground that the so-called judgment remanding the cause is an interlocutory order, and not reviewable.

H. C. Peters, for plaintiff in error.

Rublee A. Cole, for defendant in error.

Before WOODS, JENKINS, and GROSSCUP, Circuit Judges.

JENKINS, Circuit Judge, after the foregoing statement of the case, delivered the opinion of the court.

Before the act of March 3, 1875 (18 Stat. 472, c. 137, § 5), an order remanding a cause was not reviewable, because not a final judgment or decree in the sense which authorizes a writ of error or appeal. Insurance Co. v. Comstock, 16 Wall. 258, 270, 21 L. Ed. 493; Railroad Co. v. Wiswall, 23 Wall. 507, 23 L. Ed. 103. That act gave for the first time a writ of error or appeal. The last clause of section 2 of the act of 1887 (24 Stat. 553, c. 373, § 2), as corrected by the act of 1888 (25 Stat. 435, c. 866), provides:

"Whenever any cause shall be removed from any state court into any circuit court of the United States, and the circuit court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the circuit court so remanding such cause shall be allowed."

And section 6 of that act repeals the paragraph of section 5 of the act of 1875 allowing an appeal or writ of error from an order of remand to the state court. Since that act there is no power to review by appeal or writ of error an order of the circuit court remanding a cause to a state court. Morey v. Lockhart, 123 U. S. 56, 8 Sup. Ct. 65, 31 L. Ed. 68; Railroad Co. v. Thouron, 134 U. S. 45, 10 Sup. Ct. 517, 33 L. Ed. 871; Railroad Co. v. Roberts, 141 U. S. 690, 12 Sup. Ct. 123, 35 L. Ed. 902; Railroad Co. v. Brown, 156 U. S. 386, 15 Sup. Ct. 656, 39 L. Ed. 461. The fifth section of the act of 1887 provides that nothing therein contained "shall be held, deemed, or construed to repeal or affect any jurisdiction or right mentioned" in section 641 of the Revised Statutes of the United States. It is claimed by the plaintiff in error that his petition for removal from the state court is

founded upon this section of the Revised Statutes, and the protection of the fourteenth amendment to the constitution is invoked because of supposed discrimination, and of the seventh amendment because of supposed denial of a trial by jury by section 2751a of the Revised Statutes of Wisconsin, and that, therefore, he is within the proviso of the fifth section above mentioned. If his claim were otherwise clear, it is difficult to appreciate its force, since he was plaintiff in the suit, and the right of removal under section 641 is limited to a defendant. The contention is, however, unsound. By section 641 no right to review a remanding order is conferred. The act of 1875 gave this right of review generally in all cases of removal. This was subsequent to the enactment of section 641. The act of 1887, taking away the right to an appeal or writ of error from a remanding order, does not repeal or affect any jurisdiction or right mentioned in section 641, for no such right to a review was there given. The same jurisdiction and right granted by section 641 exist now as before the act of 1887 taking away the right of review, and as before the act of 1875 granting a review. The proviso of the statute was doubtless out of abundant caution lest the clause repealing all acts inconsistent or repugnant might be held to do away with the civil rights statute. If, as he would seem to suppose, the plaintiff in error has shown a right to have his cause determined in a federal court, and the court below has improperly remanded it, his appropriate remedy is by writ of error to the supreme court of the state, if that court shall determine the question of federal jurisdiction adversely; the power to afford a remedy by mandamus, as well as the right to a writ of error or to an appeal, being taken away by the acts of 1887 and 1888. Ex parte Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738. The writs of error are dismissed.