## GERMAN NATIONAL BANK *v.* SPECKERT.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 192.   Argued March 12, 1901.—Decided May 13, 1901.

No appeal lies to this court, under the act of March 3, 1891, c. 517, §.6, from a judgment of the Circuit Court of Appeals directing the Circuit Court of the United States to remand a case to the state court.

THE case is stated in the opinion.

*Mr. Alexander Pope Humphrey* for appellants.   *Mr. John G. Carlisle* and *Mr. William M. Smith* were on his brief.

*Mr. John L. Dodd* for appellees.   *Mr. Aaron Kohn*, *Mr. David W. Baird*, *Mr. T. W. Spindle* and *Mr. J. C. Dodd* were on his brief.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity, commenced in a court of the State of Kentucky, and removed, on petition of the defendant, into the Circuit Court of the United States for the District of Kentucky.   The Circuit Court of the United States denied a motion to remand the case to the state court, 85 Fed. Rep. 12, and afterwards dismissed the bill upon its merits.   The plaintiff appealed to the Circuit Court of Appeals, which reversed the decree and ordered the Circuit Court to remand the case to the state court.   98 Fed. Rep. 151; 38 C. C. A. 682.   From the order of the Circuit Court of Appeals the plaintiffs appealed to this court.

In *Railroad Co* v. *Wiswall*, (1874) 23 Wall. 507, a case was removed from a state court into a Circuit Court of the United States; the Circuit Court, being satisfied that it had no jurisdiction, ordered the case to be remanded to the state court; and

a writ of error to review the order remanding it was dismissed by this court, upon the ground that "the order of the Circuit Court remanding the cause to the state court is not a 'final judgment' in the action, but a refusal to hear and decide. The remedy in such a case is by mandamus to compel action, and not by writ of error to review what has been done."

By the act of March 3, 1875, c. 137, § 5, it was provided that an order of the Circuit Court, dismissing or remanding a cause to the state court, should be reviewable by this court on writ of error or appeal. 18 Stat. 472. Under that statute, many cases were brought to this court by appeal or writ of error for the review of such orders.

But by section 6 of the act of March 3, 1887, c. 373, as reenacted by the act of August 13, 1888, c. 866, that provision was expressly repealed; and by section 2 it was enacted that whenever the Circuit Court of the United States should decide that a cause had been improperly removed, and order it to be remanded to the state court from which it came, " such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the Circuit Court so remanding such cause shall be allowed." 24 Stat. 553, 555; 25 Stat. 435, 436.

Under that statute, it has been constantly held that this court has no power to review by appeal or writ of error an order of a Circuit Court of the United States remanding a case to a state court.

In the first case Chief Justice Waite said: "It is difficult to see what more could be done to make the action of the Circuit Court final, for all the purposes of the removal, and not the subject of review in this court. First, it is declared that there shall be no appeal or writ of error in such a case, and then, to make the matter doubly sure, the only statute which ever gave the right of such an appeal or writ of error is repealed." *Morey* v. *Lockhart*, (1887) 123 U. S. 56. And it was held that the act prohibited a writ of error after that statute took effect to review an order of remand made while the act of 1875 was in force. *Sherman* v. *Grinnell*, (1887) 123 U. S. 679.

By the act of February 25, 1889, c. 236, it is provided that

"in all cases where a final judgment or decree shall be rendered in a Circuit Court of the United States, in which there shall have been a question involving the jurisdiction of the court," the losing party should be entitled to an appeal or writ of error to this court, without reference to the amount of the judgment, but limited, when that amount did not exceed $5000, to the question of jurisdiction. 25 Stat. 693. It was held that this act did not authorize an appeal from an order of the Circuit Court of the United States remanding a case to the state court for want of jurisdiction, because "the words 'a final judgment or decree,' in this act, are manifestly used in the same sense as in the prior statutes which have received interpretation, and these orders to remand were not final judgments or decrees, whatever the ground upon which the Circuit Court proceeded." *Richmond & Danville Railroad* v. *Thouron* (1890) 134 U. S. 45. A similar decision was made in *Gurnee* v. *Patrick County*, (1890) 137 U. S. 141.

In the case of *In re Pennsylvania Co.*, (1890) 137 U. S. 451, it was held that the acts of 1887 and 1888 took away the remedy by mandamus, as well as that by writ of error or appeal, in the case of an order of remand; and Mr. Justice Bradley, in delivering judgment, after quoting section 2 of those acts, said: "In terms, it only abolishes appeals and writs of error, it is true, and does not mention writs of mandamus; and it is unquestionably a general rule, that the abrogation of one remedy does not affect another. But in this case we think it was the intention of Congress to make the judgment of the Circuit Court remanding a cause to the state court final and conclusive. The general object of the act is to contract the jurisdiction of the Federal courts. The abrogation of the writ of error and appeal would have had little effect in putting an end to the question of removal, if the writ of mandamus could still have been sued out in this court. It is true that the general supervisory power of this court over inferior jurisdictions is of great moment in a public point of view, and should not, upon light grounds, be deemed to be taken away in any case. Still, although the writ of mandamus is not mentioned in the section, yet the use of the words 'such remand shall be immediately

carried into execution,' in addition to the prohibition of appeal and writ of error, is strongly indicative of an intent to suppress further prolongation of the controversy by whatever process. We are, therefore, of opinion that the act has the effect of taking away the remedy by mandamus as well as that of appeal and writ of error." 137 U. S. 454.

In *Chicago Railway* v. *Roberts*, (1891) 141 U. S. 690, the cases of *Morey* v. *Lockhart* and *Richmond & Danville Railroad* v. *Thouron* were followed ; and it was held that section 5 of the Judiciary Act of March 3, 1891, c. 517, giving a writ of error from this court " in any case in which the jurisdiction of the court is in issue," does not authorize a writ of error to review an order of the Circuit Court, remanding a case for want of jurisdiction, because such order is not a final judgment.

In *Missouri Pacific Railway* v. *Fitzgerald*, (1896) 160 U. S. 556, 580–583, in a careful opinion of the Chief Justice, reviewing the statutes and decisions, it was again stated, as well settled, that an order of the Circuit Court of the United States ordering a suit to be remanded to the state court was not a final judgment or decree ; and that such an order could not be reviewed in this court by any direct proceeding for that purpose ; and it was also held that "as under the statute a remanding order of the Circuit Court is not reviewable by this court on appeal or writ of error from or to that court, so it would seem to follow that it cannot be reviewed on writ of error to a state court, the prohibition being that 'no appeal or writ of error from the decision of the Circuit Court remanding such cause shall be allowed.' And it is entirely clear that a writ of error cannot be maintained under section 709, in respect of such an order, where the state court has rendered no decision against a Federal right, but simply accepted the conclusion of the Circuit Court."

In the present case, the remand to the state court was denied by the Circuit Court of the United States, but, on appeal from its decree dismissing the bill, was ordered by the Circuit Court of Appeals.

If the Circuit Court had ordered the case to be remanded, its order could not, according to the decisions above cited, have

been reviewed by this court, in any manner, either by appeal from that court, or by mandamus to that court, or by writ of error to the state court.

It would be an extraordinary result if, while an order of remand by the Circuit Court, of its own motion, is not subject to review in any form, an order of remand by that court, by direction of the Circuit Court of Appeals, were subject to a further appeal to this court.

The appeal in this case is taken under the last paragraph of section 6 of the act of March 3, 1891, c. 517, by which "in all cases not hereinbefore in this section made final," and when the matter in controversy exceeds $1000, there is of right a review of the judgment of the Circuit Court of Appeals by this court on appeal or writ of error.

Such appeal or writ of error, of course, can only be taken from a final judgment. But an order of remand is not a final judgment, according to the cases above cited, especially *Railroad Co.* v. *Wiswall, Richmond & Danville Railroad* v. *Thouron, Chicago Railway* v. *Roberts*, and *Missouri Pacific Railway* v. *Fitzgerald.* Therefore no appeal lies from the order of remand.

*Appeal dismissed for want of jurisdiction.*