## VAUGHAN et al. v. McARTHUR BROS. CO.

(Circuit Court of Appeals, Eighth Circuit. September 15, 1915.)

No. 4043.

COURTS ☞357—REMOVAL OF CAUSE—COSTS ON REMAND—DISCRETION OF COURT.

Under the provision of Judicial Code (Act March 3, 1911, c. 231) § 37, 36 Stat. 1098 (Comp. St. 1913, § 1019), that if it appears at any time after the removal of a suit that it does not involve a controversy properly within its jurisdiction, the court shall remand the same and shall "make such order as to costs as shall be just," where, if the citizenship of the parties to a suit removed into a District Court had been as appeared by the record, that court would have had jurisdiction, but after its pendency in that court for eight years, during which time plaintiffs filed new pleadings, consented to a reference, and took testimony, they moved to remand on the ground that one of the plaintiffs was and had been from the commencement of suit a citizen of the same state as defendant, on remanding the cause, the court properly taxed the costs made therein to plaintiffs.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. ☞357.]

In Error to the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Action at law by George B. Vaughan and Michael Conroy, copartners as Vaughan & Conroy, against the McArthur Bros. Company, a corporation. From an order remanding the cause to the state court, and taxing the costs made in the District Court to plaintiffs, they bring error. Affirmed.

Henry B. Davis, of St. Louis, Mo. (John A. Harrison and Charles Erd, both of St. Louis, Mo., on the brief), for plaintiffs in error.

Robert E. Collins, of St. Louis, Mo. (Stanley D. Pearce, of St. Louis, Mo., on the brief), for defendant in error.

Before SANBORN, ADAMS, and SMITH, Circuit Judges.

SMITH, Circuit Judge. This suit at law was brought in the circuit court of the city of St. Louis by George B. Vaughan and Michael Conroy, a copartnership doing business under the firm name of Vaughan & Conroy, against a corporation, McArthur Bros. Company, upon a written contract which recited that George B. Vaughan was of Kirkwood, Mo., and Michael Conroy of Buffalo, N. Y. Vaughan & Conroy agreed to do certain work as subcontractors under McArthur Bros. Company in the construction of the Hillsboro-Mitchell cut-off of the Chicago, Indianapolis & St. Louis Short Line. This suit was brought to recover approximately $20,000, alleged to be the balance due under that contract. The defendants filed a petition for removal to the federal court, alleging that George B. Vaughan was at the commencement of the suit and still was a citizen and resident of the state of Missouri and a nonresident of Illinois, and that Michael Conroy was at the time of the commencement of the suit and still was a citizen and resident of the state of New York and a nonresident of the state of Illinois, and that the de-

fendant was at the commencement of the suit and still was a corporation organized and existing under and by virtue of the laws of Illinois and was a citizen and resident of Illinois and a nonresident of Missouri and New York. The petition was in other respects in due form and accompanied by a bond. On June 2, 1905, the petition was sustained and order of removal made by the circuit court of the city of St. Louis. The petition was duly filed in the United States Circuit Court on August 1, 1905. The defendant filed answer on September 20, 1905. The plaintiffs filed reply on September 23, 1905. On October 31, 1905, and on April 23, 1906, the cause was continued generally by agreement. On May 26, 1906, plaintiffs with leave of court filed an amended reply. On September 26, 1906, the court, by consent of parties, in pursuance of a stipulation to that effect, ordered that Marion C. Early be appointed referee, with power to try all issues and report his findings thereon to the court.

Nothing further was done in open court until June 4, 1908, when, for the first time, the appearance of one of the present counsel for plaintiffs was entered. He at once filed a motion in which it was alleged that after his appointment Mr. Early qualified as referee and took some evidence, but ceased doing so, and asked for an order on the referee to proceed with said hearing or show cause why he should not. Upon this motion, on the 6th day of June, 1908, the referee was ordered to show cause by June 15, 1908. On the return day Mr. Early reported he had qualified and taken evidence for several days, when plaintiffs and defendant, through their attorneys, announced they had agreed on a plan to arbitrate the cause and requested him to suspend the further taking of testimony, which he did; that later he was notified by both plaintiffs and defendant that the controversy had been settled by arbitration, and the case would be dismissed. Upon the coming in of this report the defendant filed a motion to dismiss, and the court on June 15, 1908, ordered the same referee to hear this motion and report thereon to the court. On March 12, 1909, Mr. Early filed his report in favor of the defendant on said motion to dismiss. Plaintiffs filed exceptions on March 15, 1909. On March 19, 1909, the court overruled the exceptions and ordered the substitution of the Cleveland, Cincinnati, Chicago & St. Louis Railway as defendant, and that it pay the amount of the award of the arbitration into the registry of the court, and that the case be dismissed as to McArthur Bros. Company. On September 21, 1909, the cause was by consent of parties continued generally. On June 21, 1910, plaintiffs having made application for leave to file an amended petition, their application was denied. On September 20, 1910, and March 21 and September 26, 1911, the cause by consent of parties was continued generally. On March 19, 1912, the cause was dismissed for want of prosecution, and the next day this order was vacated and the cause reinstated and continued to the next term of court. On October 8, 1912, the plaintiffs with leave of court filed an amended petition claiming approximately $40,000. To this the defendant made answer on October 29, 1912, and the plaintiffs filed reply on November 7, 1912. On December 3, 1912, the parties stipulated that either party might use any of the evidence theretofore taken (presumably before the referee)

on the trial of the case. On April 22, 1913, the plaintiffs filed a motion to remand the case to the circuit court of the city of St. Louis upon the ground that:

"At the date of the filing and presentation of said petition [of removal] and at the time of and long before the bringing and commencement of this suit, the plaintiff Michael Conroy was and ever since has been and still is, and at all times since the commencement of this suit and ever since the presentation of said petition and the entry of said order of removal thereon has been, a citizen and resident of the state of Illinois, and that at all times herein above mentioned the defendant McArthur Bros. Company was and now is a citizen and resident of the state of Illinois"—and consequently the case was not removable.

On April 29, 1913, this motion was sustained. At the same time a motion to tax the costs to plaintiffs was submitted. On May 23, 1913, the court ordered all costs after the removal taxed to plaintiffs, except the costs of the arbitration proceedings. A writ of error was allowed upon the application of plaintiffs.

Before the act of March 3, 1875, there could be no appeal or writ of error on an order to remand a cause; such order was not a final judgment or decree in the sense which authorizes an appeal or writ of error. Railroad Company v. Wiswall, 23 Wall. 507, 23 L. Ed. 103. By the act of March 3, 1875, it was expressly provided:

"Sec. 5. That if, in any suit commenced in a Circuit Court or removed from a state court to a Circuit Court of the United States, it shall appear to the satisfaction of said Circuit Court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said Circuit Court, or that the parties to said suit have been improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said Circuit Court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed as justice may require, and shall make such order as to costs as shall be just; but the order of said Circuit Court dismissing or remanding said cause to the state court shall be reviewable by the Supreme Court on writ of error or appeal, as the case may be." Section 5 (18 Stat. 470, 472).

But the latter provision of this section was repealed by the act of 1887 as corrected by the act of 1888 (24 Stat. 552; 25 Stat. 433, 435); and substantially those laws in that respect were re-enacted by section 28 of the Judicial Code (Comp. St. 1913, § 1010). From that time it was uniformly held no appeal or writ of error will lie to an order to remand. Morey v. Lockhart, 123 U. S. 56, 8 Sup. Ct. 65, 31 L. Ed. 68; Sherman v. Grinnell, 123 U. S. 679, 8 Sup. Ct. 260, 31 L. Ed. 278; Richmond & Danville R. R. Co. v. Thouron, 134 U. S. 45, 10 Sup. Ct. 517, 33 L. Ed. 871; Gurnee v. Patrick, 137 U. S. 141, 11 Sup. Ct. 34, 34 L. Ed. 601; Birdseye v. Shaeffer, 140 U. S. 117, 11 Sup. Ct. 885, 35 L. Ed. 402; Chicago, St. Paul, Minneapolis & Omaha Ry. Co. v. Roberts, 141 U. S. 690, 12 Sup. Ct. 123, 35 L. Ed. 905; Joy v. Adelbert College; 146 U. S. 355, 13 Sup. Ct. 186, 36 L. Ed. 1003; Bender v. Pennsylvania Co., 148 U. S. 502, 13 Sup. Ct. 640, 37 L. Ed. 537; Illinois Central R. R. Co. v. Brown, 156 U. S. 386, 15 Sup. Ct. 656, 39 L. Ed. 461; Missouri Pacific Ry. v. Fitzgerald, 160 U. S. 556, 580, 16 Sup. Ct. 389, 40

L. Ed. 536; German Nat. Bank v. Speckert, 181 U. S. 405, 21 Sup. Ct. 688, 45 L. Ed. 926.

It is conceded that a writ of error would not lie to the order to remand; but the judgment as to costs was final, and plaintiffs contend and defendant denies a writ of error would lie to that portion of the judgment. In Western Coal & Mining Co. v. Petty, 132 Fed. 603, 65 C. C. A. 667, this court, then consisting of the presiding judge, Sanborn, Judge Van Devanter, now of the Supreme Court, and Judge Hook, held that the rule contended for applied in admiralty and equity, and that it was in such cases only that the uniform practice to decline to entertain an appeal or a writ of error applied, but that it did not apply in law cases. That decision so far as it goes settles the law in this court, but it is based chiefly upon the proposition that the taxation of costs in admiralty and equity is discretionary, but at law it is an absolute right.

It is contended by the defendant:

"(1) That while the taxation of costs may be final, it is incidental to an interlocutory order, and does not constitute a judgment so as to permit a writ of error or appeal. (2) That under section 5 of the act of 1875, as incorporated in section 37 of the Judicial Code, the taxation of costs in lawsuits remanded is discretionary, and that this brings them under the rule laid down in equity or admiralty cases by this court."

Under these contentions the defendant has filed a motion to dismiss the writ of error in this case. These two questions are grave, but we do not think it necessary to pass upon them, as there is another one which is decisive of this case. No question was made as to the validity of section 37 of the Judicial Code. It provides that the court "shall make such order as to costs as shall be just." What did justice require in this case? The plaintiffs in their brief contended that if the citizenship had been as recited in the contract there would have been no such diversity of citizenship as to confer jurisdiction in this case. It will be conceded for the purposes of this case that if one of the plaintiffs was a citizen of Missouri and the other of New York they could not have maintained an action in the United States Circuit Court of Missouri against the defendant, a citizen of Illinois, without its consent (Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635; Hooe v. Jamieson, 166 U. S. 395, 17 Sup. Ct. 596, 41 L. Ed. 1049), and that if it could not have been started in the federal court it could not be removed thereto (Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264), but such an action could have been maintained in the proper circuit court of Illinois (Sweeney v. Carter Oil Co., 199 U. S. 252, 26 Sup. Ct. 55, 50 L. Ed. 178).

Upon the assumption stated there is not a total absence of jurisdiction in any federal court. The defendant consented to the removal by filing the application for that purpose, and the plaintiffs by their course of proceeding consented to the jurisdiction and waived objection thereto, and the fact that a suit could not without such consent have been maintained in the circuit court of Missouri, but could have been tried in the circuit court of Illinois, would not, in view of such

consent and waiver, have been effectual to defeat the jurisdiction in Missouri. In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 52 L. Ed. 904, 14 Ann. Cas. 1164. We are therefore of the opinion that if the plaintiff Vaughan was a citizen of Missouri, and the plaintiff Conroy a citizen of New York and the defendant a citizen of Illinois, the case could not, after all the proceedings we have set out, have been remanded at all; but when it was made to appear that the plaintiff Conroy and the defendant were both citizens of the same state, Illinois, the motion to remand had to be sustained, but the plaintiffs presumptively knew all the time that the plaintiff Conroy was a citizen of Illinois, and yet from June 2, 1905, to April 22, 1913, nearly eight years, they never called that fact to the attention of the court. In the meantime they were filing pleadings, agreeing in writing to the appointment of a referee, whose personal fee alone amounted to $250, and the stenographer's fee amounted to $179.40, and many other costs were piled up, and then they insist that all these costs, having been made wholly useless by their motion to remand, should be taxed to the defendant. In Josslyn v. Phillips (C. C.) 27 Fed. 481, Hon. Henry D. Brown, then District Judge, but afterwards Supreme Judge, said:

"In ordinary cases, these [the clerk's fees for filing the transcript] would be the only costs to which the language of the act would attach, as the *motion to remand is usually made before any further proceedings are taken in the Circuit Court.*"

It is true that in several cases cited by the plaintiffs (Walker v. Collins, 167 U. S. 57, 17 Sup. Ct. 738, 42 L. Ed. 76; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977, 37 L. Ed. 804; Martin v. Snyder, 148 U. S. 663, 13 Sup. Ct. 706, 37 L. Ed. 602; Torrence v. Shedd, 144 U. S. 527, 12 Sup. Ct. 726, 36 L. Ed. 528), and numerous other cases, the whole costs have been ordered taxed to the party removing, and doubtless such order was justified by the facts then before the court. But if Congress thought cases should only be dismissed at plaintiff's costs, and only remanded at the cost of the party removing, why did it not say so, instead of saying the court "shall make such order as to costs as shall be just." Up to the passage of this act there was no authority for the taxation of costs at all upon sustaining a motion to remand. Nashville v. Cooper, 6 Wall. 247, 18 L. Ed. 851. To avoid this rule section 5 of the act of 1875 was passed. Mansfield Coldwater & Lake Michigan Ry. Co. v. Swan, 111 U. S. 379, 4 Sup. Ct. 510, 28 L. Ed. 462. Congress meant just what it said when it directed the costs should be taxed as might be just, and there is no reason to believe that it meant in all cases of remand they should be taxed to the party removing. Peper v. Fordyce, 119 U. S. 469, 7 Sup. Ct. 287, 30 L. Ed. 435; Egerton v. Starin (C. C.) 91 Fed. 932; Hunt v. Howes, 74 Fed. 657, 21 C. C. A. 356; Ferguson v. Ross (C. C.) 38 Fed. 161, 3 L. R. A. 322. If that had been what it had meant, it would have said so.

There is substantially no part of the evidence taken in the court below preserved in the transcript. No question is presented as to a division of the costs, and we cannot say from the record that it is not

just to tax all the costs after removal, except the cost of arbitration, to the plaintiffs, but there is considerable in the record tending to show that that order was just.

It follows that the judgment is affirmed.

