## HULL v. JACKSON COUNTY CIRCUIT COURT.

### No. 9531.

Circuit Court of Appeals, Sixth Circuit.
Dec. 1, 1943.

Cleio L. Hull, of Jackson, Mich., in pro per.

Ernest J. Rogers, of Jackson, Mich., for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

Appellant, Cleio L. Hull, appearing here in propria persona is serving consecutive sentences in the State Prison at Jackson, Michigan, pursuant to judgments of the state court. Appellant filed an application for a writ of habeas corpus in the Jackson County Circuit Court of Michigan and claimed that he was illegally detained in prison under void sentences. In the course of the hearing on this petition, the judge announced that the court would dismiss the petitioner's action because it was apparent on the face of the papers that petitioner was attempting to make the writ of habeas corpus serve the purpose of a writ of error. Also, in the course of the hearing, the state court overruled petitioner's motion that witnesses in his behalf be subpoenaed at state expense and the court further declined to hear the testimony of two witnesses who were present whom the petitioner wished to call.

At the conclusion of the hearing in the state court, petitioner there, appellant here, applied to the District Court of the United States for the Eastern District of Michigan for a writ of habeas corpus cum causa, claiming that by reason of the action of the state court hereinbefore mentioned, he was being deprived of civil rights secured to him by the constitution and laws of the United States. The District Court dismissed appellant's petition; hence this appeal.

■ Appellant contends that upon the filing with the Circuit Court of Jackson County, Michigan, of a verified petition conformable to Title 28 U.S.C.A. § 74, jurisdiction over the case was automatically transferred from the state court to the federal court and that on the presentation of the petition to the federal court, it was the duty of the Clerk of that court to issue thereupon a writ of habeas corpus cum causa directed to the state court. As we construe the statute, the mere filing of such petition does not oust the state court of jurisdiction. The state court has the power in the first instance to determine the question of the sufficiency of the petition. Ex parte Wells, 29 Fed.Cas. page 633, No. 17,-386; People of State of California v. Lamson, 9 Cir., 80 F.2d 388.

The Removal Act (28 U.S.C.A. § 74) gives the right of removal when any civil suit or criminal prosecution is commenced in a state court for any cause whatsoever against a person who is denied or cannot enforce in the judicial tribunals of the state where such suit or prosecution is pending, any rights secured to him by any law providing for the equal civil rights of citizens of the United States.

■ Appellant's contention that this statute authorizes a removal of his cause from the state court to the federal court under the facts in this record is unsound. Appellant was the plaintiff in the state action and the forum in which he found himself was of his own selection. Under the plain language of the statute the right of removal is limited to a defendant. Cole v. Garland, 7 Cir., 107 F. 759.

■ The removal of a criminal prosecution or a civil cause under the statute in question because of the denial of a civil right or the enforcement of such a right must arise out of the destruction of such right by the constitution or statutory laws of the state wherein the action is pending. The statute does not justify federal interference where a party is deprived of any civil right by reason of discrimination or illegal acts of individuals or judicial or administrative officers. If the alleged wrongs are committed by officers or individuals the remedy is the prosecution of the case to the highest court of the state and then to the Supreme Court of the United States as the laws of the United States authorize. White v. Keown, D.C.Mass., 261 F. 814; People of State of California v. Lamson,

D.C.Cal., 12 F.Supp. 813; State of New Jersey v. Weinberger, D.C.N.J., 38 F.2d 298.

■ The statute on which appellant relies for protection contemplates that during the trial of a particular case, the state court will respect and enforce the right of a defendant to the equal protection of the laws of the states or the constitution or laws of the United States. Gibson v. Mississippi, 162 U.S. 565, 16 S.Ct. 904, 40 L.Ed. 1075; Commonwealth of Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633, 5 Ann. Cas. 692; Snypp v. State of Ohio, 6 Cir., 70 F.2d 535.

■ Appellant does not allege any lack of due process or that the Michigan Constitution or its system of laws denies to him any civil or equal right. His complaint is that the state judge erroneously applied the law of Michigan. In fairness to the state court of Michigan, we must say there is nothing in the record before us from which the slightest inference could be drawn that appellant was denied by that court any civil or equal right due him either under the laws of Michigan or of the United States.

Judgment affirmed.