**SHOTKIN v. PERKINS (two cases).**
Nos. 3771, 3772.

United States Court of Appeals
Tenth Circuit.
Jan. 19, 1949.

Rehearing Denied Feb. 9, 1949.

Bernard M. Shotkin, pro se.

Charles F. Cory, of Denver, Colo. (H. Lawrence Hinkley, Atty. Gen., State of Colorado, Duke W. Dunbar and Frank A. Wachob, Asst. Attys. Gen., of State of Colorado, on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

These actions were brought by Shotkin against Perkins, Director of Revenue of the State of Colorado, in the district court in and for the City and County of Denver, Colorado. He undertook to remove them to the United States District Court for the District of Colorado under 28 U.S.C.A. § 71 and § 74 [now § 1441 et seq.]. In his petition for removal, he attempted to allege that such actions were suits of a civil nature arising under the constitution and laws of the United States; that from prejudice and local influence, he would not be able to obtain justice in the state court in which the actions were brought or in any other state court to which, under the laws of the state, he might have the right to remove such cases on account of such prejudice or local influence; and that he was denied and could not enforce in the judicial tribunals of the State of Colorado, rights secured to him by laws providing for the equal civil rights of citizens of the United States.

Perkins filed a motion to remand in each case. On August 6, 1948, the United States District Court entered an order in each case remanding it to the state court. So-called motions for a new trial were denied in each case and, on August 30, 1948, Shotkin filed his notice of appeal in each case.

Since the amendments by the Act of March 3, 1887, 24 Stat. 552, 553, and the

Act of August 13, 1888, 25 Stat. 433, 434, 435, only a defendant, and not a plaintiff, may remove a case under § 71, supra,[1] and under § 74, supra, on the grounds which Shotkin undertook to set up in his petition for removal.[2]

Moreover, 28 U.S.C.A. § 71, before its revision in 1948, contained the following provision:

" * * * Whenever any cause shall be removed from any State court into any district court of the United States, and the district court shall decide that the cause was improperly removed, and order the same to be remanded to the State court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the district court so remanding such cause shall be allowed. * * *"

■ It is settled law that such provision prohibits review of an order remanding a cause to a state court by appeal, writ of error, or otherwise.[3]

The above-quoted language of § 71 is not carried into the Act of June 25, 1948, "An act to revise, codify, and enact into law Title 28 of the United States Code entitled 'Judicial Code and Judiciary,' " which became effective September 1, 1948. However, § 1447(e) of Title 28, as revised, provides:

"If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."

■ An order remanding a case to a state court is not a final judgment.[4]

Section 1291 of Title 28, as revised, provides that "The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States."

Section 1292 of Title 28, as revised, provides that the courts of appeals shall have jurisdiction of appeals from certain interlocutory orders but orders remanding a case to a state court are not embraced within such enumerated interlocutory orders.

It follows, irrespective of whether the decision is now controlled by § 71 before the revision, or by the applicable provisions

---

[1] Hanrick v. Hanrick, 153 U.S. 192, 197, 14 S.Ct. 835, 38 L.Ed. 685; Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 104, 105, 61 S.Ct. 868, 85 L.Ed. 1214; Cochran v. Montgomery County, 199 U.S. 260, 267-272, 26 S.Ct. 58, 50 L. Ed. 182, 4 Ann.Cas. 451; 45 A.J.

Removal of Causes, § 99, note 19.

The following language in 28 U.S.C.A. § 71, "At any time before the trial of any suit in any district court, which has been removed to said court from a State court on the affidavit of any party plaintiff that he had reason to believe and did believe that, from prejudice or local influence, he was unable to obtain justice in said State court, * * *" is misleading. Omitted therefrom is language which appeared in the Acts of March 3, 1887, and August 13, 1888, and in the Judicial Code before the revision of 1948 (See 36 Stat. p. 1095), which clearly shows the provision applied solely to causes already removed under the Act of 1875 which permitted either the plaintiff or the defendant to remove.

[2] Cole v. Garland, 7 Cir., 107 F. 759, 762; Hull v. Jackson County Cir. Court, 6 Cir., 138 F.2d 820, 821.

[3] United States v. Rice, 327 U.S. 742, 66 S.Ct. 835, 90 L.Ed. 982. The above-quoted provision applies to remands of cases removed under § 74, supra. Cole v. Garland, 7 Cir., 107 F. 759, 761; Id., 183 U.S. 693, 22 S.Ct. 933, 46 L.Ed. 393.

In the Supreme Court, the appeal was dismissed on authority of German National Bank v. Speckert, 181 U.S. 405, 21 S.Ct. 688, 45 L.Ed. 926. In the latter case, the court based its dismissal of a writ of error on the ground that the right of review of an order of remand was taken away by the above-quoted provision of § 71, clearly indicating that the court regarded such quoted provision to be applicable to orders remanding cases removed under § 74.

[4] Chicago & A. Railroad Co. v. Wiswall, 90 U.S. 507, 508, 23 Wall. 507, 23 L.Ed. 103. See, also, Babbitt v. Clark, 103 U. S. 606, 609, 26 L.Ed. 507; Richmond & Danville R Co. v. Thouron, 134 U.S. 45, 46, 10 S.Ct. 517, 33 L.Ed. 871; Morey v. Lockhart, 123 U.S. 56, 58, 8 S.Ct. 65, 31 L.Ed. 68; Chicago, St. Paul, Minneapolis & Omaha Railway Co. v. Roberts, 141 U. S. 690, 694, 12 S.Ct. 123, 35 L.Ed. 905.

of Title 28, as revised, this court is without jurisdiction to review an order of the district court remanding a case to a state court.

The appeals are, therefore, dismissed.