WALKER, Respondent, v. WALKER, Appellant.

St. Louis Court of Appeals, May 22, 1906.

1. **JUSTICES OF THE PEACE:** Certifying Cause to Circuit Court: Remanding Cause. Under section 3951, Revised Statutes of 1899, where, in a cause pending before a justice of the peace, the title to real estate is put in issue by a verified pleading, the justice shall certify the cause to the circuit court, and the same section authorizes the circuit court to remand the cause to the justice if in the judge's opinion the statement filed does not show the title to be involved.

2. ————: Appeals: Final Judgment. An order of the circuit court remanding a cause to a justice of the peace from whom the cause had been certified on the ground that the title to real estate was involved, the order being made because in the opinion of the circuit judge the pleading did not show that the title to the real estate was involved, is not a final judgment and an appeal will not lie from such order of the circuit court.

Appeal from Madison Circuit Court.—*Hon. James E. Hazell,* Judge.

APPEAL DISMISSED.

*B. B. Cahoon* and *D. N. Tessereau* for appellant.

*R. A. Anthony* and *H. Clay Marsh* for respondent.

GOODE, J.—Plaintiff instituted this replevin action to obtain possession of six and one-half stacks of timothy hay, alleged to be standing in two fields on plaintiff's farm on the St. Francis river, in Polk township, Madison county. The locations of the different stacks were more definitely indicated by statements in the complaint. A replevin bond in due form accompained the complaint, and on the filing of the two documents the justice of the peace issued an order for the

delivery of the property and a summons, both of which were served, the hay being taken from the possession of defendant pursuant to the order of delivery and turned over to plaintiff. Defendant filed a paper styled "Answer, Plea of Title and Counterclaim" before the justice. This pleading admitted the hay to be of the value alleged in the petition, denied every other allegation therein, averred that defendant had been damaged by the taking and detention of the hay in the sum of $200, for which, with costs, he asked judgment against plaintiff and the sureties on the latter's replevin bond. After pleading those matters, the answer set up facts going to show that the equitable estate in the farm where the hay was grown and harvested was vested in the defendant. The substance of the facts alleged regarding the ownership of the farm are that in February, 1891, plaintiff gave to defendant, who is plaintiff's son, the entire right, title and interest in the farm which plaintiff held, put defendant in full and complete possession in consideration of love and affection, and in further consideration of past valuable service rendered by defendant and agreed if defendant would go into possession of the real estate, clear, fence, cultivate, live on and improve the same, that defendant should have and own the said farm and that it would be conveyed to defendant as soon as plaintiff secured a pension from the United States government and paid certain debts he owed; that plaintiff afterwards, and prior to the institution of this action, secured the pension, and with defendant's assistance, paid off his debts. It is averred that, pursuant to this agreement, defendant took possession of the farm, cleared a portion of it and erected improvements on it which are stated and the cost of each, the total expense being considerable. It is averred further that thereby defendant became entitled to have the farm conveyed to him, but plaintiff had refused to convey it. The paragraph concluded with a prayer that

the cause be transferred by the justice of the peace to the circuit court for hearing and final determination, and that the latter court compel plaintiff to specifically perform his agreement regarding the farm, and convey to defendant all plaintiff's right, title, interest and estate therein and besides, render judgment against plaintiff and his sureties for the value of the hay. Another paragraph of the answer filed with the justice described the farm on which the hay was raised, stated, the extent of interest in the estate plaintiff originally acquired from his grantor, set up that plaintiff still claims some title, estate, and interest in the farm, the nature of which is unknown to defendant, except that the claim is adverse to defendant's title and prayed the court to ascertain, determine and adjudge the extent of the respective interests of plaintiff and defendant. The answer was verified by defendant's affidavit.

When the "Answer and Plea of Title" was filed, the justice made an order transferring the cause to the circuit court for the reason that the title to real estate was involved in it. Afterwards plaintiff filed a motion in the circuit court to quash "the answer filed by defendant and remand the cause to the justice of the peace for trial." This motion alleged that the circuit court had no jurisdiction of the cause, which had been improperly certified to it by the justice of the peace; that as the cause was one in replevin to try the titles of the parties, it could not be converted by defendant's answer into an equitable action looking to a decree of title to real estate, and that in an action of replevin originating in a justice's court, the question of title to real estate cannot be raised by answer, or otherwise. On the hearing of the motion the circuit court sustained it and ordered the cause remanded to the justice of the peace. An exception was saved to this order, a motion for rehearing filed and overruled, and defendant appealed to this court.

Plaintiff insists that the order of the circuit court remanding the cause to the justice of the peace for trial was not appealable, and if this proposition is correct, we have no jurisdiction to determine any other question presented in the briefs. One section of the statutes regulating the practice before justices of the peace, provides that if the title to real estate shall be put in issue by a verified pleading, or if it appears to the satisfaction of the justice to be an issue, he shall make an entry of the fact in his docket and certify the cause and transmit all papers therein, to the clerk of the circuit court of the county; which court shall be possessed of the cause and proceed therewith without regard to the amount in controversy or any error in certifying it. Certain cases are excepted from the operation of the statute, but a replevin action is not one of them. The section contains a proviso that on five days' notice the judge of the circuit court may remand to the justice a cause which has been transferred as involving title to land, if, in the judge's opinion, the statement filed as provided in the section does not show the title to real estate to be in issue. [R. S. 1899, sec. 3951.] By the "statement" mentioned in the last clause of the section, we understand the verified pleading attempting to put in issue the title to real estate. This statement in the present case consisted of defendant's pleading styled "Answer, Plea of Title and Counterclaim." The motion to remand was seasonably filed and the remanding order was entered on an inspection of defendant's answer. It is to be presumed that this ruling was made because, in the opinion of the circuit judge, the answer did not show the title to real estate to be an issue. In our opinion the order of remand was not appealable. The extent of the right of appeal from an order or judgment of the circuit court, is defined in section 806 of the statutes. The statutory ground on which the right of appeal in this instance is claimed is, that the

order to remand was a final judgment. We think it was interlocutory; for the issues were not determined or the rights of the parties settled by it. The most analogous precedents we have found are the decisions of the Federal courts regarding the right of appeal from an order of a circuit court of the United States remanding to a state court a cause which had been removed from the state tribunal to the national one. There have been some fluctuations in the legislation by Congress on this subject; but prior to the enactment of any statute regulating the right of appeal from such an order, it was determined by the Supreme Court of the United States that the order was not a final judgment and hence no appeal would lie. [R. R. Co. v. Wiswall, 90 U. S. (23 Wall.) 507; Black's Dillon, Removal of Causes (1898 Ed.), sec. 223.]

The appeal is dismissed. All concur.