## Shinn *versus* Commonwealth.

1. To repeal an act by implication, it must clearly appear that there is a plain inconsistency between it and a subsequent statute, or that the one is fully supplied by the other.

2. A subsequent statute repugnant to a prior one repeals it; but if they can be construed together, both will be sustained.

3. The law does not favor the repeal of a statute by implication.

ERROR to the Court of Quarter Sessions of *Philadelphia*.

The opinion of the court was delivered March 15th, 1856, by

KNOX, J.—William Shinn, the plaintiff in error, was indicted

[Shinn *v.* Commonwealth.]

in the Quarter Sessions of Philadelphia City and County under the act of 26th February, A. D. 1855, entitled "An act to prevent the sale of intoxicating liquors on the first day of the week, commonly called Sunday." The indictment contained two counts, and there was a verdict of guilty. Upon reasons filed, the Court of Quarter Sessions arrested the judgment upon the first count, and sentenced the defendant upon the second count "to pay a fine of fifty dollars to the commonwealth, and be imprisoned in the Philadelphia County Jail for thirty days, pay the costs of prosecution, and stand committed until the judgment is fully complied with."

It is here assigned for error that "the court below erred in entering judgment for the commonwealth upon the second count in the indictment.

"1st. Because the act of assembly of 26th February, 1855, entitled 'An act to prevent the sale of intoxicating liquors on the first day of the week, commonly called Sunday,' upon which the indictment was founded, was repealed by the subsequent act of the 14th April, 1855, entitled 'An act to restrain the sale of intoxicating liquors.'

"2d. Because the second count in the indictment does not designate with legal certainty the particular accusation or instance of alleged offence for which the defendant was to be tried.

"3d. Because the second count of the indictment does not aver that the liquors, wine and cider, referred to therein, were drank by any person or persons."

Two questions are presented for our consideration and determination, viz :—

1st. Did the act of 14th April, 1855, repeal that of 26th February, 1855 ?

2d. If the last mentioned act is still in force, is the offence for which the defendant was convicted and sentenced set forth in the indictment with sufficient precision ?

It is not pretended that the act of 14th April, 1855, in terms repealed the preceding act, but it is said that it embraced the same subject matter, and was evidently intended as a substitute for it—that the first act was supplied by the second one, and therefore by implication repealed it, if not in whole, at least so far as it relates to the specific offence charged.

Upon an examination of the acts referred to, we are all of the opinion that there is no inconsistency between the two acts so far as relates to the sections upon which this indictment is based, and that the subject matter of the first is not revised and supplied by the latter act, and that therefore the one does not repeal the other.

To repeal an act by implication, it must clearly appear that

there is a plain inconsistency between it and a subsequent statute, or that the one is fully supplied by the other. A subsequent statute repugnant to a prior one repeals it, but, if they can be construed together, both will be sustained, as the law does not favor a repeal by implication. *Bowen* v. *Loose*, 5 Hill, 221.

There is but very little similarity between the two statutes under consideration. Both, it is true, refer to the sale of intoxicating liquors, but the one prohibits the sale entirely on the first day of the week, while the other merely regulates its sale for the other days in the week. Both acts were passed at the same session of the General Assembly, and the absence of any repealing clause referring in terms to the prior act is strong evidence that the legislature did not intend its repeal. To protect the Sabbath, and punish its violation by this species of worldly employment, was the principal object of the act of February, 1855, rather than to regulate or prohibit the sale of intoxicating liquors, and when this object was accomplished it is not to be supposed that the work would be undone by the same body of men in legislating upon another and distinct subject. Believing the act to be eminently calculated to promote public and private morality, and to conduce to the good order and well-being of society, we feel no disposition to favor its repeal by legislative implication, or to impair its force by judicial construction.

As to the form of the indictment, we deem it only necessary to say that the offence is charged in the words of the statute, indicating with clearness and precision the nature and extent of the accusation.

For these reasons, as well as those so fully stated in the able opinion of the learned president of the Quarter Sessions, this judgment must be affirmed.

Judgment affirmed.