## *In re* COE *et al.*

*(Circuit Court of Appeals, First Circuit.* March 16, 1892.)

### APPEALABLE ORDERS—REMANDING CAUSE—CIRCUIT COURT OF APPEALS ACT.

The provision of the judiciary act of August 13, 1888, that no appeal shall lie from an order of the circuit court remanding a cause to a state court, was not repealed by the act creating the circuit court of appeals, (26 St. at Large, p. 826,) which, in section 6, gives it jurisdiction to review all "final decisions" of the circuit courts, "unless otherwise provided by law," and in section 14 expressly repeals all acts inconsistent therewith, since such an order is not a "final decision," within the meaning of the act, and, even if it should be so considered, the act forbidding the appeal has "otherwise provided."

Petition by Ebenezer S. Coe and David Pingree for a writ of *mandamus.* Denied.

*Harry G. Sargent, Oliver E. Branch, Henry Heywood,* and *Everett Fletcher,* for petitioners.

*Frank S. Streeter* and *Sanborn & Hardy,* opposed.

Before COLT, Circuit Judge, and WEBB and CARPENTER, District Judges.

CARPENTER, District Judge. This is a petition for a writ of *mandamus* to be directed to the Hon. THOMAS L. NELSON, presiding in the circuit court for the district of New Hampshire, requiring him to allow an appeal to this court from an order remanding to the supreme court of the state of New Hampshire the bill in equity between these petitioners on the one side and the Mount Washington Railway Company and others on the other side. The appeal was disallowed, on the ground that by the judiciary act of August 13, 1888, no appeal lies from the decision of a circuit court of the United States remanding a cause removed thereto from a state court. That act provides that, "whenever any cause shall be removed from any state court into any circuit court of the United States, and the circuit court shall * * * order the same to be remanded, * * * no appeal or writ of error from the decision of the circuit court so remanding such cause shall be allowed." 25 St. at Large, p. 435. The petitioners contend that this provision is repealed by the act establishing this court, (26 St. at Large, p. 826.) That act, after defining the cases in which appeals are to be allowed to the supreme court, provides in section 6 that "the circuit courts of appeals * * * shall exercise appellate jurisdiction to review * * * final decision in the * * * existing circuit courts in all cases other than those provided for in the preceding section of this act, unless otherwise provided by law;" and in the fourteenth section, that "all acts and parts of acts relating to appeals or writs of error inconsistent with the provisions for review by appeals or writs of error in the preceding sections five and six of this act are hereby repealed."

The petitioners argue that the decision of a circuit court remanding a cause to a state court was, at the time of the passing of the last-named act, a final decision, because it was a decision from which no appeal

could be taken, and that, therefore, it comes within the terms of the sixth section as above quoted. They then contend that the case is not taken out of the provision of the statute by force of the words, "unless otherwise provided by law," for the reason that the section above quoted from the act of 1888 prohibits, but does not provide, an appeal. From this it follows, so the argument runs, that the act of 1888 is so far inconsistent with the sixth section of the act of 1891, and is consequently repealed by the fourteenth section of that act. There are, as it seems to us, several defects in this argument. In the first place, an order remanding a cause to a state court is not a final decision in the case, within the meaning of the act. *McLish* v. *Roff*, 141 U. S. 661, 12 Sup. Ct. Rep. 118; *Railway Co.* v. *Roberts*, 141 U. S. 690, 12 Sup. Ct. Rep. 123. Compare *Railway Co.* v. *Wiswall*, 23 Wall. 507; *Morey* v. *Lockhart*, 123 U. S. 56, 8 Sup. Ct. Rep. 65; *Railway Co.* v. *Thouron*, 134 U. S. 45, 10 Sup. Ct. Rep. 517. The words "final decision" cannot be held to include a remanding order,—*First*, because it is not a decision, but a "refusal to hear and decide;" and, *secondly*, because it is not final,—that is, it is not decisive of the cause. To say that it is final because no appeal could be taken from it is clearly inadmissible. If the statute were to be so read, then it would include all interlocutory decrees; and the grant of an appeal from such decrees, given by the seventh section of the act, would be superfluous. Still further, even if a remanding order be held to be included in the words "final decision," it is still within the exception of the statute. The words "otherwise provided" do not imply an affirmative provision or grant of jurisdiction. A "provision" of law may be prohibitive as well as permissive. We are therefore of opinion that there was no error in the action of the judge who disallowed the appeal, and that this petition must be dismissed.