## PATTEN *v.* CILLEY.   (No. 1.)

*(Circuit Court of Appeals, First Circuit.   April 22, 1892.*

1. WRIT OF ERROR—DISMISSAL—FINAL JUDGMENT—REFUSAL TO REMAND.
    The denial of a motion to remand a cause to the state court is not a final judgment or order, and the circuit court of appeals has no jurisdiction in error in such stage of the case. .

2. SAME—COSTS.
    On the dismissal of a writ of error, defendant in error is entitled to judgment for the costs arising on the motion to dismiss.   *Bradstreet Co.* v. *Higgins,* 5 Sup. Ct. Rep. 880, 114 U. S. 262, followed.

Error to the Circuit Court of the United States for the District of New Hampshire.

On petition of William A. Patten, the will of one Matilda P. Jenness was admitted to probate in solemn form by the probate court of Merrimack county, N. H.   Horatio G. Cilley, one of the heirs at law of the testator, took an appeal to the supreme court of the state; and he afterwards procured the removal of the cause to the circuit court of the United States on the ground that he was a citizen of Iowa, while plaintiff, Patten, was a citizen of New Hampshire.   Patten's motion to remand the cause to the state court was refused, and he brings error.   Writ dismissed.

For former report, see 46 Fed. Rep. 892.

*Harry Bingham, John M. Mitchell,* and *Frank S. Streeter,* for plaintiff in error.

*William L. Foster, Harvey D. Hadlock,* and *Daniel Barnard,* for defendant in error.   .

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

WEBB, District Judge.   We think that there has been no final decision in the circuit court, and that this court has no jurisdiction in error in the present stage of the case.   Under the decision of the supreme court in *Bradstreet Co.* v. *Higgins,* 114 U. S. 262, 5 Sup. Ct. Rep. 880, the defendant in error is entitled to a judgment for the costs arising on the motion to dismiss.   It is accordingly ordered that the writ of error be dismissed, with costs for the defendant incident to the motion to dismiss, including any costs incurred by him in printing the record, and that a mandate issue forthwith.