## PATTEN v. CILLEY.

(Circuit Court, D. New Hampshire. July 6, 1894.)

No. 400.

APPEALABLE ORDERS—DISMISSAL OF PETITION FOR REMOVAL.

The dismissal of a petition for removal on the ground of local prejudice stands on the same ground as an order of remand, and is not a final judgment from which a writ of error will lie. In re Pennsylvania Co., 11 Sup. Ct. 141, 137 U. S. 451; and In re Coe, 5 U. S. App. 6, 1 C. C. A. 326, and 49 Fed. 481, followed.

This was an application for a writ of error to the supreme court to review an order dismissing, for want of jurisdiction over the subject-matter, a petition for removal of the cause from the state court, on the ground of local prejudice. 58 Fed. 977.

Harvey D. Hadlock and W. L. Foster, for petitioner.

Bingham & Mitchell and Streeter, Walker & Chase, for respondent.

Before COLT, Circuit Judge, and ALDRICH, District Judge.

ALDRICH, District Judge. At the August term, 1892, this court remanded the probate proceeding in which Horatio G. Cilley was appellant in the state probate court, and which he removed to this court within the time in which a party may remove a proper cause as a matter of right. Such order was upon the ground that the court had no jurisdiction over the subject-matter of the controversy. Subsequently, the same party petitioned for the removal of the same controversy, on the ground of local prejudice; and such petition was dismissed December 11, 1893, for the same reasons, and the case is reported in Re Cilley, 58 Fed. 977. This is an application or petition for writ of error from such order of dismissal, to the supreme court of the United States. In re Pennsylvania Co., 137 U. S. 451-454, 11 Sup. Ct. 141; Patten v. Cilley (1892) 1 C. C. A. 522, 50 Fed. 337; and In re Coe, 5 U. S. App. 6, 1 C. C. A. 326, and 49 Fed. 481,—would seem to settle this question against the petitioner. The case first cited was a petition for removal on the ground of local prejudice; and Mr. Justice Bradley, in denying the petition for mandamus, seems to have made no distinction between the dismissal of a petition for removal and a remanding order. In re Coe does not suggest any distinction, and, indeed, the opinion in that case is based upon the idea that the order is not a final decision of the cause, but rather a refusal to hear and decide, from which there is no appeal. The dismissal of a petition for removal is as much a refusal to hear and decide as a remanding order, and we do not see our way clear to make the distinction which the petitioner claims. See, also, McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118; Railroad Co. v. Roberts, 141 U. S. 690, 12 Sup. Ct. 123; Joy v. Adelbert College, 146 U. S. 355, 13 Sup. Ct. 186; Wauton v. De Wolf, 142 U. S. 138, 12 Sup. Ct. 173; American

Const. Co. v. Jacksonville, T. & K. W. Ry. Co., 148 U. S. 372, 382, 13 Sup. Ct. 758.

The writ is denied, and the petition dismissed.

COLT, Circuit Judge, concurs.