## In re ASPINWALL'S ESTATE.

(Circuit Court of Appeals, Third Circuit. November 21, 1898.)

No. 45, September Term.

1. CIRCUIT COURT OF APPEALS—JURISDICTION—CASE INVOLVING JURISDICTION OF CIRCUIT COURT.

Where a circuit court remands a cause to the state court on the ground of a lack of jurisdiction to take cognizance of it, the case is one in which the jurisdiction of a circuit court is in issue, within the terms of section 5 of the act creating the circuit court of appeals, and is therefore excluded by section 6 from the cases of which that court is given jurisdiction by such section.

2. APPEALABLE ORDERS—REMANDING CAUSE—CIRCUIT COURT OF APPEALS ACT.

The provision of the judiciary act of August 13, 1888, that no appeal shall lie from an order of the circuit court remanding a cause to a state court, was not repealed by the act of March 3, 1891, creating the circuit courts of appeals. In re Coe, 1 C. C. A. 326, 49 Fed. 481, followed.

3. CIRCUIT COURT OF APPEALS—JURISDICTIONAL QUESTIONS—FOLLOWING DECISIONS IN OTHER CIRCUITS.

Where a circuit court of appeals for one circuit has determined a question of its own jurisdiction, the circuit courts of appeals for others circuits should follow its decision, for the sake of uniformity of decision on jurisdictional questions, until the question has been settled by the supreme court.

Bradford, District Judge, dissenting, on last point.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

On motion to dismiss appeal.

Wm. Drayton and John P. Johnson, for the motion.

D. T. Watson, opposed.

Before DALLAS, Circuit Judge, and BUTLER and BRADFORD, District Judges.

DALLAS, Circuit Judge. When this case was reached at the present term, it appeared that a motion to dismiss the appeal had been interposed; and that motion, after argument, it was announced would be granted. No formal dismissal of the appeal was, however, then entered, because we thought that the order should be accompanied by a statement of the grounds upon which it was based. Such a statement will now be made, but very briefly, and without elaboration.

1. The decision of the circuit court, which was appealed from, adjudged that the proceeding, which had been brought into that court by removal from the orphans' court of Allegheny county, Pa., should be remanded to the last-mentioned court. 83 Fed. 851. The remanding order was expressly founded solely upon the lack of jurisdiction in the circuit court to take cognizance of the cause; and the question before us is, has this court jurisdiction to review such a decision of the circuit court? If it has, it must be because it is conferred upon it by section 6 of the act of March 3, 1891. Now, by that section it is provided that the circuit courts of appeals shall exercise appellate jurisdiction to review final decisions of the circuit courts only in cases other than those provided for in section 5 of the same act; and, turning to section 5, we find it to be there provided that appeals or writs of error may be taken

from the circuit courts direct to the supreme court in any case in which the jurisdiction of a circuit court is in issue. We are all of opinion that the necessary effect of these provisions is to deny to this court the jurisdiction which in this case it has been asked to assume.

2. This question was before the circuit court of appeals for the First circuit in Re Coe, 1 C. C. A. 326, 49 Fed. 481; and it was there held that the disallowance of an appeal from an order remanding a cause to the state court in which it had originated was proper. It has been urged in argument that the reasons given for the judgment in that case are unsound, but that contention is, in our view of the matter, irrelevant. We believe it to be our duty to follow that judgment, not for the reasons assigned in its support, which it is not necessary either to adopt or to reject, but because uniformity of decision amongst the several courts of appeals upon such a jurisdictional question seems to us to be of paramount importance. It will not result from acceptance of this view of the subject that an error once committed would be indefinitely perpetuated, for the supreme court may at any time settle such questions for all the courts of appeals alike. An order will now be entered dismissing the appeal, with costs.

BRADFORD, District Judge. I fully concur with the majority of the court in the dismissal of the appeal. We are all satisfied that the provisions of the act of March 3, 1891, creating the circuit courts of appeals, do not confer upon them power to entertain an appeal from the order of a circuit court remanding a cause to a state court for want of jurisdiction in the circuit court. This is admittedly a safe and sufficient ground to support the order of dismissal. But the majority of the court, after stating that "we are all of opinion that the necessary effect of these provisions is to deny to this court the jurisdiction which in this case it has been asked to assume," have unnecessarily adopted a further and independent ground on which to base the action of the court. This unnecessary and cumulative position embodies, in my judgment, such unsound and mischievous doctrine that I am not willing by silence on my part to be understood as acquiescing in its enunciation as law. Briefly stated, it is that the fact that the circuit court of appeals for the first circuit decided in the case of In re Coe, 1 C. C. A. 326, 49 Fed. 481, that the disallowance of an appeal from an order remanding a cause from a circuit court to a state court was proper, makes it the duty of this court to follow the judgment of that court, and dismiss the appeal for the reason that as stated by the majority of the court, "uniformity of decision amongst the several courts of appeals upon such a jurisdictional question seems to us to be of paramount importance." All questions as to the soundness or unsoundness of the reasons given for that judgment are to be treated as "irrelevant," and it is the fact of the rendition of the judgment, and not its accordance with law, which imposes upon this court the duty of paying to it as a precedent, not on any rule of property, but on a question merely of jurisdiction, the homage of unquestioning submission in another case and in a different circuit. The logical result of this position is that the first decision made by any circuit court of appeals on a question of its jurisdiction, whether sound or unsound, establishes a practically

imperative rule for the government of all other circuit courts of appeals in their treatment of the same question, without regard to their convictions on the subject. This, in my judgment, is novel doctrine which neither reason nor authority supports. The circuit courts of appeals, as between themselves, are tribunals of co-ordinate jurisdiction, possessing equal dignity and authority. The same is true of circuit courts and also of district courts. The legitimate function of all of them is to administer justice according to law. It would be a startling proposition that a decision by any one of the sixty or seventy district courts on a question of its jurisdiction, raised for the first time, should operate as a binding precedent in all other district courts, although believed by them to be contrary to settled principles of law. Similar considerations would apply to the determination of a new jurisdictional question by a circuit court. I fail to perceive any ground on which circuit courts of appeals can or should be differentiated from circuit courts or district courts in this regard. Of course, no lawyer would assert that, in the absence of a statute in that behalf, a judgment of a court on a given question per se controls another and independent court of co-ordinate jurisdiction and equal authority in dealing with the same question in a different case. Such a contention would be wholly inadmissible, and is not arguable. If, therefore, the effect of a binding precedent is properly to be given in the latter court to the judgment erroneously rendered in the former, between different parties, some principle of public policy, or judicial propriety or comity must require such recognition of the judgment. I cannot conceive, however, that any principle of public policy or consideration of judicial propriety or comity can legitimately be invoked to sustain the doctrine of the majority that it is the duty of this court to follow an unsound decision of any other circuit court of appeals on merely a jurisdictional question.

Judicial decisions by or on the strength of which titles to realty or personalty have been acquired may, through their number or general acquiescence therein by the public, become rules of property, which courts will not disturb, although satisfied that they do not rest upon sound principles. In such a case a wise policy requires uniformity of decision, as it is less important that the rule should be consistent with principle than that it should be certain. So, similar considerations may apply to decisions recognizing or enforcing contractual rights, or liens, or relating to certain other subjects. But this doctrine has its limitations. In the case of The Madrid, 40 Fed. 677, where it was held that a statutory lien on a vessel for supplies furnished to her at her home port was entitled to preference over a mortgage of the vessel to secure her purchase money, Mr. Justice Lamar, in delivering the opinion of the court, said:

"Counsel for the mortgagees rely mainly upon the doctrine of stare decisis to support the claim of their clients. Their contention is, that the rule of law heretofore announced in this circuit should stand, because, as they assert, rights of property have been acquired under it and vested rights will be disturbed by any change. On the other hand, it is strenuously insisted by counsel for the material-men that the decisions of this circuit upon the general question under consideration are erroneous, and should not be followed. * * * The rule of stare decisis means, in general, that when a point has been once settled by judicial decision it forms a precedent for the guidance of

courts in similar cases. * * * This rule should, in the main, be strictly adhered to. An adherence to it is necessary to preserve the certainty, the stability and the symmetry of our jurisprudence. Nevertheless there are occasions when a departure from it is rendered necessary in order to vindicate plain and obvious principles of law, and to remedy a continued injustice. These are the two grounds of justification in departing from a decision which has become a precedent."

It will be observed that in the above case the court departed from precedents established by itself as well as by other tribunals. There can be no doubt that a departure would have been taken with even less hesitation from precedents established solely by other courts possessing only co-ordinate jurisdiction and authority.

It should require very cogent reasons to induce a court to abandon the principles of law or equity applicable to a question before it for decision and to base its judgment on unsound precedents made by other courts of only equal authority. Such a course can never be justified unless the precedents have been so acted upon or recognized that the evil which would result from disregarding them would clearly outweigh the good to be derived from an adherence to sound principles. Where such a case exists the law may, for the prevention of hardship or injustice, not only justify but demand a decision not in accord with right reason or correct principles; or to employ other terms, what would otherwise violate sound principles of law may, under certain circumstances, for the prevention of hardship or injustice, become lawful. To such an extent only can principle properly be sacrificed to uniformity of decision. In my judgment, while it is desirable, it is not of paramount importance as supposed by the majority of the court, that there should be uniformity of decision upon the point whether a circuit court of appeals has jurisdiction to entertain an appeal from an order of a circuit court remanding a cause to a state court for want of jurisdiction. The question presented does not, directly or indirectly, affect any rule of property, or relate to the existence or enforcement of liens, or touch contractual or personal rights. It does not in the least involve the substantial merits of the original cause, or, indeed, the right of the court below to decide whether it had jurisdiction over the cause removed into it from the state court. The question goes simply to the power of this court to review the decision of the circuit court upon the point of jurisdiction. The decision, whatever it may be, cannot deprive the parties to the controversy, or either of them, of the right and opportunity to have the case decided by a court of competent jurisdiction, whether that court should be held to be, on the one hand, a circuit court, or, on the other, a state court. A lack of uniformity of decision on this point in the different circuit courts, should it be displayed, would, while undesirable, not be a subject of apprehension, or a source of hardship or injustice. Until a uniform rule should be established by a decision of the supreme court, each circuit court of appeals would, within its own circuit, and in accordance with its views of the law, entertain or decline to entertain jurisdiction, as the case might be, and settle and render certain the law on the subject in such circuit accordingly. ·

It is true, as suggested by the majority of the court, that an error committed by a circuit court of appeals in the decision of such a jurisdictional question need not be "indefinitely perpetuated, for the supreme

court may, at any time, settle such questions for all the courts of appeals alike." But in this connection it is pertinent to observe, first, that if the original decision be erroneous, and be followed by all other circuit courts of appeals in which the question arises, it is not probable, other things being equal, that the error will be corrected by the supreme court as soon as it would be were there a diversity of decisions on the same question; and, secondly, that the unanimous adoption of the erroneous decision by other circuit courts of appeals would have a tendency, other things being equal, to cause the supreme court, not to correct, but indefinitely to perpetuate the error, in so far as that court may be influenced by uniformity of decision by circuit courts of appeals. This doctrine of the duty of following erroneous decisions, and especially recent erroneous decisions, of jurisdictional questions by courts of co-ordinate authority. is, in my judgment, vicious in principle, and involves a degree of self-effacement on the part of judicial tribunals, and a misuse of their proper functions, uncalled for by any consideration of public policy, or of judicial propriety or comity.

I have found no authority at variance with the views here expressed. In the case of Beach v. Hobbs, 82 Fed. 916, however, language was used by the circuit court in Massachusetts which, taken by itself, lends some color to the doctrine I have been criticising. It was there said:

"So far as any proposition may be fully presented to the court of appeals in any circuit, and determined by it, resulting in a rule which is, and ought to be, of general application, especially when it involves federal questions, a condition of adjudications which would defeat uniformity throughout the United States would clearly disappoint the contemplation of congress in establishing those tribunals. * * * A decision of the circuit court of appeals in any circuit, so long as it remains unappealed from, and so long as the supreme court has not issued its writ of certiorari to re-examine it, must be regarded as having more effect than that ordinarily given to even the highest state tribunals. or to any court of merely concurrent jurisdiction, no matter how great its learning. There seems to be no method of maintaining the necessary uniformity of the law with reference to general questions, especially federal questions, unless the mature and solemn judgments of a circuit court of appeals in any circuit are accepted as authoritative declarations of the law, subject only to such criticisms on the score of oversight or evident mistake as would apply to a judgment of the circuit court of appeals in the particular circuit where the litigation then under determination may be pending."

In considering this language three things should be borne in mind. First, that the case did not involve any question of jurisdiction, but related to the validity of a patent for an invention; such patents being "intended by statute to have effect throughout the whole country," and special rules as to the effect of former decisions between other parties applying to them upon the question of their validity. Second, that the language quoted was not necessary to the determination of the case, and was obiter dictum, the court saying:

"We are not, however, required to definitely determine the effect of these considerations in the case at bar, because, to the extent that the court of appeals for the second circuit has reached necessary conclusions in reference to the patent at issue, they meet our approval so far as they concern the condition of the case as it stands before us."

Third, that the doctrine embodied in the language first above quoted from Beach v. Hobbs, certainly aside from its application to patents, goes far beyond the doctrine laid down by the circuit court of appeals

for the first circuit in Beal v. City of Somerville, 1 C. C. A. 598, 50 Fed. 647; the latter court remarking that "if the question at issue had been met by the United States circuit court of appeals in any other circuit we should, of course, lean strongly to harmonize with it," but not intimating that it would feel bound to follow such a decision, against its own legal convictions.

In what has been said I do not wish to be understood as in any manner criticising or reflecting upon either the judgment or reasoning in the case of In re Coe, 1 C. C. A. 326, 49 Fed. 481. My remarks have been directed solely against what I consider to be unsound doctrine practically enunciated, without any necessity, by the majority of this court in its treatment of that case in the second ground of dismissal of the appeal.