# Commonwealth, ex rel., Appellant, v. Moore.

*Public officers—Allegheny County — County controller — Eligibility—Former state senator—Act of May 1, 1861, P. L. 450, Sec. 2 —Act of June 27, 1895, P. L. 403—Statutes—Construction—Local law repealed by subsequent general law.*

1. It is a rule of statutory construction that an earlier law will be repealed by implication by an act covering the entire subject-matter of the former law, and manifestly intended as a substitute for it.

2. Where the clear general intent of the legislature is to establish a uniform and mandatory system, as in municipal classification acts, the presumption is that local acts are intended to be repealed.

3. The Act of June 27, 1895, P. L. 403, relating to county controllers in counties containing 150,000 inhabitants and over, was intended to establish a complete system for the election of county controllers in the counties to which it applies, and repeals the Act of May 1, 1861, P. L. 450, relating to county controllers in Allegheny and Philadelphia Counties, rendering ineligible for the office of county controller in such county a person holding an office under this State during his continuance in office or until one year thereafter.

4. In quo warranto proceedings to oust from office a county controller of Allegheny County, who had held the office of State senator within one year previous to his election, it appeared that relator had been appointed to fill the vacancy in the office of county controller and that respondent had been elected at the next general election. Relator alleged that, under the Act of May 1, 1861, P. L. 450, Sec. 2, respondent was ineligible to hold office; respondent contended that the Act of 1861 had been repealed by the Act of 1895; relator demurred to respondent's answer. *Held,* the court properly overruled the demurrer and entered judgment for the respondent.

Argued Oct. 20, 1916.  Appeal, No. 170, Oct. T., 1916, by Commonwealth, from judgment of C. P. Allegheny Co., April T., 1916, Docket A, No. 29, on judgment for respondents in quo warranto proceedings in case of Commonwealth of Pennsylvania ex relatione Hyatt M. Cribbs v. John P. Moore.  Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Quo warranto to determine respondent's right to hold office as county controller of Allegheny County. Before CARPENTER, J.

The Commonwealth demurred to respondent's answer. The court overruled the demurrer and entered judgment for the respondent. The Commonwealth appealed.

*Error assigned*, among others, was in overruling the demurrer and entering judgment for the respondent.

*John C. Bane*, with him *Charles A. Woods*, for appellant.—The Act of May 1, 1861, P. L. 450, Sec. 2, was not repealed by the Act of June 27, 1895, P. L. 403, and the respondent is therefore ineligible to hold the office of county controller: Brown v. Philadelphia County Commissioners, 21 Pa. 37; Street v. Commonwealth, 6 W. & S. 209; Malloy v. Reinhard, 115 Pa. 25; Seifried v. Commonwealth, 101 Pa. 200; City of Harrisburg v. Sheck, 104 Pa. 53; Evans v. Phillipi, 117 Pa. 226; Commonwealth v. Brown, 210 Pa. 29; Bell v. Allegheny County, 149 Pa. 381.

A State senator is an officer under the State: Morril v. Haines, 2 N. H. 246; People ex rel. Kelly v. Common Council of the City of Brooklyn, 77 N. Y. 503; People ex rel. Henry v. Nostrand, 46 N. Y. 375; Lamar v. United States, 241 U. S. 103.

*John S. Weller*, with him *John O. Wicks*, for appellee. —The Act of 1861 is repealed by the Act of 1895: Commonwealth ex rel. Hollenbach v. County Treasurer, 16 D. R. 481; Commonwealth ex rel. Walter v. Young, 253 Pa. 356.

While the rule is that a general statute does not by implication repeal a local act with inconsistent provisions, yet where the legislative intent is clear that the subsequent general act is to supplant the local or special act the presumption of there being no repeal must give way: Jadwin v. Hurley, 10 Pa. Superior Ct. 104; Quinn v.

Cumberland County, 162 Pa. 55; In re Contested Election of Martz, 110 Pa. 502; Westfield Borough v. Tioga County, 150 Pa. 152; Commonwealth v. Weir, 165 Pa. 284; Commonwealth ex rel. School District of Butler Twp. v. Joyce, 18 Pa. C. C. 193; Nusser v. Commonwealth, 25 Pa. 126; Johnston's Est., 33 Pa. 511; Keller v. Commonwealth, 71 Pa. 413; Best v. Baumgardner, 122 Pa. 17; Commonwealth ex rel. Peterson v. Couch, 209 Pa. 354.

Where the legislative intent is to establish a uniform and mandatory system, as in classification acts, the presumption is that the local acts are intended to be repealed: Commonwealth ex rel. McKirdy et al. v. Macferron, 152 Pa. 244; Bruce v. Pittsburgh, 166 Pa. 152; Commonwealth ex rel. Jones v. Blackley, 198 Pa. 372; Quinn v. Cumberland County, 162 Pa. 55; Harrisburg v. Harrisburg Gas Co., 219 Pa. 76; Cornman v. Hagginbotham, 227 Pa. 549; Mohr v. Scherer, 30 Pa. 509; Commonwealth v. Brown, 210 Pa. 29; Commonwealth v. Heller, 219 Pa. 65.

OPINION BY MR. JUSTICE POTTER, January 8, 1917:

This was an action of quo warranto brought by the Commonwealth of Pennsylvania ex relatione Hyatt M. Cribbs against John P. Moore to test the right of the latter to hold the office of controller of Allegheny County. A vacancy occurred in that office on April 19, 1915, which was filled by the appointment of Hyatt M. Cribbs. At the general election in November, 1915, the respondent, John P. Moore, was duly elected controller, and, on the first Monday of January, 1916, having first taken the prescribed oath and filed his bond, he undertook to exercise the functions of the office to which he had been elected. Prior to October 6, 1915, he had represented the Forty-fifth Senatorial District as senator in the General Assembly of Pennsylvania, but on the date last mentioned, and prior to his election as controller, he had resigned the office of senator. Claiming the right under his

appointment to hold the office of controller until a successor was duly elected and qualified, Hyatt M. Cribbs filed a suggestion for a writ of quo warranto, alleging that, under Sec. 2 of the Act of May 1, 1861, P. L. 450, the said John P. Moore was not eligible to the office of controller, because of his having held the office of State senator within one year of his election. That section is as follows: "No person holding office under the United States or this State, the County of Allegheny, or any city therein, shall be eligible to the office of county controller during his continuance in office as aforesaid, nor until one year thereafter, except that the said controller shall always be eligible for reelection or appointment; and the county treasurers and commissioners shall be ineligible to said office for two years." An answer was filed by John P. Moore, averring his eligibility, and also averring that the phrase in Sec. 2 of the Act of May 1, 1861, which made any person holding office under "this state" ineligible, had been repealed, and averring further that Hyatt M. Cribbs had no such right to, or interest in, the office as made him a proper party to institute these proceedings. To this answer a demurrer was filed, and the case was heard upon the demurrer. The court held that the Act of 1861 was in force, and that Cribbs had such an interest as qualified him to institute the proceedings, but the court reached the conclusion that a State senator was not a "person holding office under......this State," within the meaning of section 2 of the act. The demurrer was, therefore, overruled, and judgment was entered for respondent. The Commonwealth has appealed.

The first question which arises, is whether the prohibitory phrase in the earlier act has lost its force by reason of the provisions of a subsequent statute. The Act of May 1, 1861, P. L. 450, is by its title, "an act relating to Allegheny County," and by its terms a local law. Among other things it established in Allegheny County the office of controller, defined the powers and duties of that officer, provided for his appointment and election, fixed his sal-

ary and abolished the office of county auditor in that county. Prior to the Act of 1895, the only counties of Pennsylvania in which the office of county controller existed, were Allegheny and Philadelphia. See Lloyd v. Smith, 176 Pa. 213.

The Act of June 27, 1895, P. L. 403, is entitled "An Act creating the office of controller in counties of the Commonwealth containing 150,000 inhabitants and over, prescribing his duties and abolishing the office of county auditor in said counties." A comparison of the acts, that of 1861 and that of 1895, shows that the greater part of the latter act has been copied verbatim from the former one. It was evidently intended to establish a complete system for the election of a county controller in each of the counties to which it is applicable, and to provide for the conduct of his office, and for his compensation, etc., following very closely all the essential provisions of the Act of 1861, and making them applicable to all counties in the State containing 150,000 inhabitants, which would, of course, include the two counties which then had controllers.

The Act of 1895 has been held in Lloyd v. Smith, 176 Pa. 213, to be a classification act and, therefore, constitutional.

In the leading case of Com. v. Brown, 210 Pa. 29, Mr. Chief Justice MITCHELL considered the entire subject of the repeal of local laws by general statutes. In the third clause of his summary of the result of the cases, he said : "Where the clear general intent of the legislature is to establish a uniform and mandatory system, as in municipal classification acts, the presumption must be that the local acts are intended to be repealed." We think this principle governs the present case, as the Act of 1895 shows clearly a general intent upon the part of the legislature to establish a uniform and mandatory system, providing controllers in all counties having the requisite population. This intention was carried out by the re-enactment of the essential provisions of the earlier local

act, with appropriate changes to make its terms applicable to all the counties in the class.

There is a marked distinction between the requirements of the Act of 1861 and those of 1895, with respect to the eligibility of a candidate for the office of county controller. In section 2 of the former act it is provided:. "No person holding office under the United States or this State, the County of Allegheny or any city therein shall be eligible to the office of county controller during his continuance in office as aforesaid, nor until one year thereafter." In section 2 of the latter act the provision is: "No person holding office under the United States shall be eligible to the office of county controller during his continuance in office as aforesaid," and then follows a provision that certain county officers shall not be eligible for two years. The Act of 1895 omits entirely the provision making ineligible a "person holding office under......this State." There could be no good reason for retaining a requirement in this respect for the county of Allegheny different from that applied to other counties within the class. While the Act of 1895 covers the subject-matter of the Act of 1861 referring to the county controller, it was manifestly intended to extend the essential provisions of the earlier act to a number of additional counties, and in some respects it did enlarge the scope of the prohibitory phrase. To the county treasurer, and county commissioners, it added the prothonotary, register of wills, clerk of courts, recorder, sheriff, district attorney, and their chief clerks and deputies, as being ineligible to the office of controller for two years. It would hardly be contended that this prohibition was not intended to apply to Allegheny County as being one of the counties containing the required number of inhabitants. If, as we have endeavored to point out, the Act of 1895 covers the same subject-matter as the Act of 1861, by way of general, instead of local law, unless the latter gives way, the law upon the same subject would not be

uniform in all the counties included in the class to which the Act of 1895 is made applicable.

In Long v. Phillips, 241 Pa. 246, our Brother MESTREZAT said (p. 249) : "It is a rule of statutory construction that an earlier law will be repealed by implication by an act covering the entire subject-matter of the former law, and manifestly intended as a substitute for it. But this rule is founded on the presumption of legislative intent and will not apply where a contrary intent is clearly apparent."

There is certainly no "clearly apparent" intent in the Act of 1895, that a local act shall not be repealed. On the contrary, it contains the provision that "all acts or parts of acts inconsistent herewith are hereby repealed." It would be difficult to find anything to which this language can apply, unless it be the Act of 1861. The only acts then in existence which related to the subject of the Act of 1895, were local, so that, if the repealing clause operated at all, it must have been upon them. While the existence of the repealing clause is, of course, not conclusive of the question, yet it should not be entirely ignored. The court below refers to the use of the word "create" in the title, and suggests that it was hardly intended to create an office in Allegheny County which was in existence. It is true that the word is not appropriate as applied to two of the counties, but it was proper as to the remaining counties within the class to which the two belonged. The legislative thought may have been centered upon the class of counties. The creation was of the office of controller in the entire class as distinguished from its creation in one county. In any event, an inaccurate use of a word is not sufficient to overcome the plain intention of the act to provide a complete uniform system on the subject with which it deals. That the legislative emphasis was placed upon the creation of the class, appears also from the wording of the amendment of March 27, 1913, to this identical act. It is there said in section 1: "The office of county controller is hereby es-

tablished......in each county......which shall contain one hundred thousand inhabitants or over." It was only in connection with the new class that the office could be . said to be then established, for in many of those counties the office of controller had been established for years by the terms of the very act which was being amended. Nor does the fact that the governor did not exercise in Allegheny County the power of appointment conferred in section 17, aid us in the construction of the act. The governor may have erred in his construction of the statute, or, as Allegheny County then had a controller, he may have thought it advisable to raise no question as to the controller's right to retain the office until the next election.

Our conclusion is that the Act of 1895 covers the subject-matter of the Act of 1861, in so far as it relates to county controllers, and that the later act embraces new provisions which plainly show that it was intended as a substitute for the earlier act. The judgment of the court below should be sustained on the ground that the provision of the Act of 1861, which is alleged to affect the eligibility of respondent, has been repealed by the Act of 1895. This makes it unnecessary to consider other interesting questions raised by the appeal.

The assignments of error are dismissed, and the judgment is affirmed.