## Commonwealth v. Donovan

*John E. Stevenson,* for Commonwealth.

*Morris C. Solomon* and *Lowenstein & Winokur,* for defendant.

CRUMLISH, J., July 17, 1941.—This is an appeal by defendant, a pawnbroker, from an assessment of the Board of Mercantile Appraisers of the County of Philadelphia under the Act of May 7, 1907, P. L. 175, 72 PS §2901. By stipulation of counsel, other pawnbrokers similarly assessed have agreed to be governed by the decision in this case.

Defendant has been licensed as a pawnbroker under the Pawnbrokers License Act of April 6, 1937, P. L. 200, 63 PS §281-1 et seq., and has paid the license fee required by that act. He contests the present assessment on the ground that the Act of 1907 has been superseded, as far as pawnbrokers are concerned, by the Act of 1937. Whether the earlier enactment has been repealed pro tanto is the only question before us:

The Act of 1907 provides:

"From and after the passage of this act, all brokers, whether stock brokers, bill brokers, note brokers, exchange brokers, merchandise brokers, factors or commission merchants, real estate brokers and agents, or pawnbrokers, whether persons, firms, limited partnerships, or corporations, shall pay an annual license-tax to this commonwealth upon his, their, or its gross annual receipts from commissions and other earnings. . . ."

The Act of 1937 provides for the licensing of pawnbrokers and in section 6 that "Every application for license under this act shall be accompanied by an annual license fee of one hundred ($100.00) dollars."

It is also stated in section 33:

"All acts or parts of acts relating to pawnbrokers which are inconsistent herewith are hereby repealed."

Since there is no mention of the earlier statute in the Act of 1937, the problem is one of implied repeal, namely, is the Act of 1907 so inconsistent with the provisions of the subsequent enactment that the legislature can be said to have intended by implication a repeal of the older act?

"It has been held in a long line of cases in the Federal Courts and in the courts of this Commonwealth that repeals by implication are not favored: In re *Aspinwall's Estate*, 90 F. 675, 33 C. C. A. 217; *Farmers' & Mechanics Nat. Bank of Phila. v. U. S.*, 11 F. (2d) 348; *Shinn v. Commonwealth*, 3 Grant (Pa.) 205; *Somerset & Stoystown Road*, 74 Pa. 61. In the case last cited, it was said in the course of this opinion by Mr. Justice SHARSWOOD at p. 62: 'The repeal of statutes by implication is certainly not

favored. Where there are two affirmative statutes on the same subject, there must be a clear inconsistency or repugnancy between them in order that the later ones shall produce this result: *Street v. The Commonwealth,* 6 W. & S. 209; *Bank v. The Commonwealth,* 10 Barr 448; *Brown v. The County Commissioners,* 9 Harris 37; *Opdyke's Appeal,* 13 Wright 373.' Repeals by implication are not favored, and will not be indulged unless it is manifest that the legislature so intended: *Jackson v. Penna. R. R. Co.,* 228 Pa. 566, 77 A. 905. The doctrine that implied repeals are not favored has been adopted by the United States Supreme Court in denying certiorari (262 U. S. 748) in the case of *Bookbinder v. U. S.,* (C. C. A. Pa.) 287 F. 790. And the same doctrine has been restated in recent cases by the Supreme Court of Pennsylvania in *Commonwealth Trust Co. et al v. Allegheny Cemetery,* 324 Pa. 78, 187 A. 506; *Ferguson's Estate,* 325 Pa. 34, 189 A. 289": Harr, Secretary of Banking, v. Boucher et al., 142 Pa. Superior Ct. 114, 134-135 (1940).

In an opinion by the Attorney General on the precise question now before us, the Department of Revenue was advised that the two statutes involved herein may be harmonized and are not inconsistent: Pawnbrokers' License Tax, 35 D. & C. 713 (1939). It was there stated (p. 715):

"The Act of May 7, 1907, P. L. 175, is entitled an act 'to provide revenue by imposing a license-tax'. The Pawnbrokers License Act of April 6, 1937, P. L. 200, is denominated an act 'licensing and regulating the business of pawnbrokers'. There is evident instantly a wide disparity in the purpose of the acts, the first being for revenue, the second for regulation. Without more it is obvious that there is no inconsistency between the acts with respect to the objectives thereof."

We agree with the above conclusion and add thereto that whereas the fee under the Act of 1937 is a flat rate for all pawnbrokers alike, which "shall be deposited in the State Treasury to the credit of the Banking Depart-

ment Fund for the use of the Secretary of Banking in administering this act", the tax under the Act of 1907 varies with the taxpayer's gross earnings and the receipts therefrom provide revenue for general purposes.

The Attorney General relied principally on Commonwealth v. Ramun Billiard Co., 3 D. & C. 816 (1923), which held that the Act of May 25, 1907, P. L. 244, imposing a license tax for revenue on the keepers of billiard rooms, was not superseded by the Act of June 7, 1911, P. L. 668, regulating the use of billiard tables and imposing a license fee. It was there said (p. 818) :

"There is no such manifest repugnance or inconsistency between the statutes as to indicate an intention of the legislature to repeal the earlier act. The presumption is against an implied repeal.

"The purpose of the Act of 1907 is to collect revenue. The Act of 1911 is to protect the community by regulating the business. The acts can stand together and the earlier act is not repealed by the later one."

Defendant attempts to distinguish this case because the later act involved therein applied only to cities of the first class, imposing on the latter certain police duties and granting them exclusive use of the license fees. Although the intent not to repeal the earlier State-wide act was clearer than in the present situation because of the local application of the later enactment, the reasoning behind the decision is equally applicable to the present case, as the above quotation amply demonstrates. Commonwealth v. American Loan Co., 20 Lack. Jur. 321 (1919), and Newhouse v. Dipner, 118 Pa. Superior Ct. 101 (1935), were also cited. The latter decision is particularly helpful. In that case, the effect on the Act of May 25, 1907, involved herein of the Real Estate Brokers License Law of May 1, 1929, P. L. 1216, 63 PS §431 et seq., licensing and regulating real estate brokers, was considered. The court said with respect to that question (p. 105) :

"We are of the opinion that the Act of 1929 did not repeal the provision of the Act of 1907 as to the payment of the license tax which is based upon the amount of business of the previous year, but that it has been superseded by the passage of the Act of 1929, so far as compelling the payment of this tax in addition to the payment for a license under the Act of 1929 as a prerequisite to doing business is concerned. The primary purpose of the Act of 1907, as indicated by its title, is 'To provide revenue by imposing a license tax etc.' "

Defendant's chief argument to support a repeal rests upon section 91 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §591, which states:

"Whenever a law purports to be a revision of all laws upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former law . . . such law shall be construed to repeal all former laws upon the same subject."

Although it must be admitted that the Pawnbrokers License Act is a "general or exclusive system" regulating the pawnbroking business, it does not, as we pointed out above, cover the same subject matter as the earlier Act of 1907, the latter being purely a revenue measure. Nor have we found evidences of an intention on the part of the legislature that the Act of 1937 shall be a substitute for the former law. Without such intention, the Statutory Construction Act provides that "the later law shall not be construed to repeal an earlier law unless the two laws be irreconcilable."

To show an intention by the legislature to repeal the earlier law, defendant points to the failure to include the Act of 1907 in the saving clause of the Act of 1937, or to state expressly that the fee charged under the later law was in addition to the tax exacted by the earlier act. Neither of these omissions is conclusive, as defendant admits; nor is either persuasive under the present circumstances, except perhaps as a makeweight. It might as well be argued that the failure of the legislature to state

expressly whether the earlier law was repealed shows that such repeal was not intended, unless, of course, the two laws are inconsistent. Defendant contends that the two laws are repugnant because they are both licensing statutes imposing similar fees. However, there is no inconsistency in pawnbrokers being taxed twice under separate enactments for different purposes which are entirely reconcilable. We are mindful of the presumed intent against double taxation (Arrott's Estate, 322 Pa. 367 (1936)), but here the later fee is not a general revenue measure but a part of a regulatory system. In Commonwealth v. Ramun Billiard Co., supra, it was stated with respect to the later legislation involved therein (p. 818):

"This legislation is the exercise of the police power, and as such is not controlled by the constitutional requirement that taxes must be uniform, nor is it affected by the ruling in relation to double taxation."

Defendant also contends that the Act of 1907 is the only legislation to which the repealer of the Act of 1937 could refer, since the other statutes relating to pawnbrokers are expressly excepted from the effect of the later act or are criminal enactments and thus not within the scope of the Act of 1937. This argument loses sight of the fact that a repealer clause is never necessary in a later enactment to supersede inconsistent earlier legislation, since the latter is impliedly repealed by the mere passage of the later inconsistent law, and that the inclusion of a repealer clause by the legislature is not always aimed at specific statutes but is generally a formality to prevent possible conflicts with earlier acts unforeseen when the later act was passed. Thus the contention that the repealer must refer to the Act of 1907 because it is the only statute to which it could refer loses most of its persuasiveness. Commonwealth ex rel. v. Moore, 255 Pa. 402 (1917), cited by defendant in support of its position, is manifestly distinguishable. There the Act of June 27, 1895, P. L. 403, establishing a complete system for the election of county controllers in counties containing

150,000 population or more was held to repeal the Act of May 1, 1861, P. L. 450, relating to the eligibility of certain persons to hold the office of county controller in Philadelphia and Allegheny Counties, on the ground that a uniform and mandatory system supersedes local acts on the same subject. No such question is before us.

Defendant also relies on Commonwealth v. Iron City Brewing Co., 146 Pa. 642 (1892). This case is likewise distinguishable. The court held that the liquor licensing Acts of May 13, 1887, P. L. 108, May 24, 1887, P. L. 194, and June 9, 1891, P. L. 257, known as the "high license" system, superseded the old system of mercantile assessments under the Acts of May 4, 1841, P. L. 307, and April 22, 1846, P. L. 486, as amended. The legislative intent to repeal the older acts was clear, however, since such acts were regulatory enactments as well as revenue measures and their continued existence would conflict with the new system. No such conflict exists in the present situation.

Defendant's appeal must, therefore, be dismissed, and the assessment sustained.