The CAMDEN FIRE INSURANCE AS-
SOCIATION, Appellant,

v.

Jean Higginson HARDEN, Appellee.

No. 21143.

United States Court of Appeals
Fifth Circuit.

Aug. 5, 1964.

George J. Baya, Miami, Fla., for appellant.

David Drucker, Miami, Fla., Bernard R. Fleisher, New York City, for appellee.

Before TUTTLE, Chief Judge, BROWN, Circuit Judge, and BREWSTER, District Judge.

PER CURIAM.

This is an appeal from a judgment for the insured, entered pursuant to a jury verdict, upon a burglary insurance policy. Our examination of the record reveals evidence from which the jury could conclude that a burglary within the meaning of the policy definition occurred.[1]

It is likewise clear that whether the insured was guilty of fraud or false swearing, which under its terms made the policy void, was properly a question for jury determination. Chaachou v. American Cent. Ins. Co., 5 Cir., 1957, 241 F.2d 889.

The other asserted errors having been examined and found to be without merit, the judgment is affirmed.

Affirmed.

[1]. The policy defined burglary for the purposes of the policy as follows:
"5. Burglary: The term burglary shall mean the felonious taking of property from within a building or room by a person who has made a felonious entry into the building or room by force or violence, of which there are visible marks by tools or explosives at the place of such entry."

---

John Robert ZELLNER et al., Appellants,

v.

Al LINGO, Director of Public Safety for
the State of Alabama, et al.,
Appellees.

No. 20823.

United States Court of Appeals
Fifth Circuit.

July 21, 1964.

Fred D. Gray, Derrick A. Bell, Jr., Jack Greenberg, Montgomery, Ala., Constance Baker Motley, Norman C. Amaker, New York City, for appellants.

W. M. Beck, Sr., Fort Payne, John P. Kohn, Hugh Maddox, Montgomery, Ala., Gordon Madison, Asst. Atty. Gen. of Ala., Richmond Flowers, Atty. Gen. of Ala., Montgomery, Ala., for appellees.

Before CAMERON,* WISDOM and GEWIN, Circuit Judges.

PER CURIAM.

For the reasons set forth in the opinion below, D.C., 218 F.Supp. 513, the judgment is affirmed.

* It should be observed that Judge Cameron participated in the hearing and decision of this cause but died before the opinion was filed. See 28 U.S.C.A. § 46.