The STATE OF ALABAMA

v.

Joshua Samuel SHINE.

No. 11647-N.

United States District Court
M. D. Alabama, N. D.

Aug. 12, 1964.

D. W. Crosland, Sol., Fifteenth Judicial Circuit, Montgomery, Ala., for plaintiff.

Solomon S. Seay, Jr., Montgomery, Ala., for defendant.

JOHNSON, District Judge.

This cause is now submitted upon the motion of the State of Alabama filed herein on July 25, 1964, by and through David W. Crosland as Circuit Solicitor for the Fifteenth Judicial Circuit, State of Alabama, seeking to have this Court remand this cause to the Circuit Court of Montgomery County, Alabama.

It appears that the defendant, Joshua Samuel Shine, is a Negro citizen of the State of Alabama who was arrested on the 4th day of July, 1964, by the officers of the Montgomery, Alabama, Police Department on a charge of murder. He is presently being held on an indictment that was returned by the grand jury of Montgomery County, Alabama, on July 15, 1964, said indictment charging him with the murder of one Clifton Ruff "by shooting him with a gun or pistol." Shine's petition for removal filed with the Clerk of this Court on July 20, 1964, alleges that he cannot in the courts of the State of Alabama "have the full benefit of the laws to the extent enjoyed by white citizens, and that his rights under the Constitution and Laws of the United States cannot be enforced in the State Court * * *." In support of this general allegation, he alleges systematic exclusion of members of the Negro race from the grand juries and petit juries that are used in Montgomery County, Alabama; a policy and custom of separation of the races in the courtrooms in Montgomery County, Alabama; prejudicial atmosphere created by adverse newspaper publicity in Montgomery County, Alabama; and the systematic denial of Negro citizens' rights to register as voters to the extent that they are excluded from participating in the election of members of the judiciary of Montgomery County, Alabama.

The defendant Shine seeks to invoke the jurisdiction of this Court by reason

of his allegations under the provisions of Title 28 U.S.C.A. § 1443.[1]

■ Both the defendant Shine and the State of Alabama, in their arguments advanced to this Court in support of their positions, seek to emphasize the truth or falsity of the contentions that Shine makes in his removal petition. Such arguments at this point are premature to an extent that they are immaterial to the basic question, the answer to which is decisive of the matter as now presented. It can even be assumed that the contentions as made by Shine are true and still this Court would not have any jurisdiction in a criminal case where removal is sought under Section 1443 unless there was a showing that there was a denial of a civil right or civil rights arising out of the Constitution or laws of the state wherein the criminal prosecution was initiated. Section 1443 does not warrant removal of a criminal prosecution from a state court to a federal court where the party is deprived or alleges that he is being deprived of his civil rights in said prosecution by reason of discrimination or illegal acts that are not authorized by the laws of the state where the action is pending. Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667; Hull v. Jackson County Circuit Court, 6 Cir., 138 F.2d 820.

There is no Alabama constitutional provision, or Alabama statutory authority, excluding members of the Negro race from either grand or petit juries, or requiring or enforcing a separation of the races in the courtrooms, or systematically excluding Negroes from the right to register as voters. As to this latter contention, see the opinion and order of this Court in United States v. Penton, D. C., 212 F.Supp. 193.

■ This Court's conclusions in this case and the court decisions upon which these conclusions are based do not mean that this defendant, or any other defendant who is being prosecuted in the State court for that matter, does not have a proper and timely remedy if in the course of the State court prosecution he is subjected by State court officials, or other individuals, to treatment which deprives him of any of his constitutional rights as guaranteed by the Constitution of the United States. The remedy, in such instances, is to be found through the State courts which are, under the law, charged with the responsibility of recognizing their "front line" responsibility for the enforcement of the constitutional rights of all citizens, United States ex rel. Hall v. People of the State of Illinois, 329 F.2d 354 (7th Cir., March 1964), and, if necessary, ultimately in the Supreme Court of the United States. In this connection see this Court's opinion and order in Zellner v. Lingo, 218 F.Supp. 513, affirmed by the United States Court of Appeals for the Fifth Circuit in Zellner v. Lingo, (1964), 5 Cir., 334 F.2d 620.

For the foregoing reasons and for good cause, it is the order, judgment and decree of this Court that the motion of the State of Alabama filed herein on July 25, 1964, seeking to have this case remanded to the Circuit Court of Montgomery County, Alabama, be and the same is hereby granted. It is ordered that this cause be and the same is hereby remanded to the Circuit Court of Montgomery County, Alabama.

It is further ordered that the costs incurred in this proceeding be and they are hereby taxed against the petitioner for removal, Joshua Samuel Shine.

---

1. "§ 1443. Civil rights cases

"Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

"(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

"(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law."